Ann RUSSO, Petitioner

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW,**
Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 17, 2010.

Decided Dec. 10, 2010.

Andrew Phillips, Scranton, for Petitioner.

Jonathan D. Koltash, Asst. Counsel, and Gerard M. Mackarevich, Deputy Chief Counsel, Harrisburg, for Respondents.

BEFORE: LEADBETTER, President Judge, and LEAVITT, Judge, and KELLEY, Senior Judge.

OPINION BY President Judge LEADBETTER.

Ann Russo (Claimant) petitions for review of the order of the Unemployment Compensation Board of Review (Board) that affirmed the referee's decision to dismiss, as untimely, her appeal from the UC Service Center's determination that she was ineligible for unemployment compensation benefits under Section 402(e) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(e) (willful misconduct). The Board also concluded that Claimant failed to establish good cause for allowing an appeal *nunc pro tunc*. Claimant argues that she established the timeliness of her appeal and, in the alternative, that her appeal should be allowed as an appeal *nunc pro tunc*.

Claimant worked for Old Forge ALF (Employer) as a personal care aide from November 19, 2008 until Employer terminated her employment on November 4, 2009 for failing to follow proper medication pass instructions. In a notice mailed on December 14, 2009, the Scranton UC Service Center denied Claimant's application for unemployment benefits under Section 402(e) of the Law and advised her that **"[t]he last day to timely appeal this determination is:** December 29, 2009." Certified Record (C.R.), Item No. 4 (emphasis in original). The notice also set forth detailed instructions as to how to file an appeal by mail, fax, e-mail and personal delivery. She was advised that to file an appeal by mail, a completed appeal form should be mailed to "Scranton UC Service Center, 30 Stauffer Industrial Park, Taylor[,] PA 18517–9625." *Id.* She was further advised:

> If you file your appeal by personal delivery to a CareerLink, your appeal is filed on the date it is delivered to the CareerLink, during normal business hours. If you wish to appeal by personal delivery, take the completed appeal form (UC–46B) or letter to the nearest Pennsylvania CareerLink. The CareerLink representative will forward your appeal or letter of appeal to the UC Service Center. **Note: Appeals can not be filed in-person at UC Service Centers.**

*Id.* (emphasis in original).

Claimant took an envelope containing a completed appeal form to the Scranton UC Service Center located at 30 Stauffer Industrial Park, Taylor, PA and placed it in a drop-off box located in the foyer of the building. The envelope was addressed to the Scranton UC Service Center and contained Claimant's return address, but no

stamp was affixed to the envelope. A note, which was later placed on the envelope at the Service Center, stated that it "was dropped in box in foyer—picked this up on 12.30.09 @ 8:45 pm." C.R., Item No. 5.

The referee held a hearing on February 8, 2010 to determine whether the appeal was timely filed. Claimant testified that she dropped off the envelope containing the appeal form in the box in the foyer on December 29, 2009, the last day of the appeal period, between 3:30 p.m. and 4:00 p.m. She further testified that no one was present in the foyer at that time and that the door leading to other parts of the building was locked. She presented three pictures showing the drop-off box and a sign in the foyer, which stated:

> *Attention*[:] We do *not* encourage anyone to report in person to this office[.] We are a call center only. However— Since you are here and there are no in-person services ... [p]lease complete the applicable form(s) and drop it in the box. Please make sure your name & SS are on all pages of any documents you place in the box—this includes pay stubs, W–2s, separation forms etc.

Claimant's Exhibits 1 and 2; C.R., Item No. 9 (emphasis in original). Claimant and her fiancé claimed that the appeal form was not mailed because they did not have money to pay for postage.

The referee dismissed the appeal as untimely. On appeal, the Board rejected Claimant's testimony as not credible and found that the appeal was filed on December 30, 2009, one day after expiration of the fifteen-day appeal period, and that she was not misinformed or misled by the unemployment compensation authorities re-

garding her appeal right. The Board further found that Claimant failed to prove good cause for permitting an appeal *nunc pro tunc.* The Board affirmed the referee's decision, and Claimant's appeal to this Court followed.

 Section 501(e) of the Law, 43 P.S. § 821(e), provides that an appeal from the UC Service Center's notice of eligibility determination must be filed "within fifteen calendar days after such notice was delivered to him [or her] personally, or was mailed to his [or her] last known post office address." An appeal may be filed by United States mail, delivery by a common carrier, fax or other electronic transmission, or "personal delivery to a workforce investment office [1] or the Board." 34 Pa.Code § 101.82(b) (footnote added). The filing date for an appeal by personal delivery is "the date the appeal was personally delivered *to the workforce investment office or the Board during its normal business hours."* 34 Pa.Code § 101.82(b)(5) (emphasis added). Failure to timely appeal an administrative agency's decision constitutes a jurisdictional defect. *Sofronski v. Civil Serv. Comm'n, City of Philadelphia,* 695 A.2d 921 (Pa.Cmwlth. 1997).

Claimant argues that the Board ignored her evidence demonstrating that she timely filed the appeal "in person" at the Scranton UC Service Center on December 29, 2009 and that "it is entirely reasonable for a claimant to believe that delivering the appeal in person is as good, or better, than delivery by mail." Claimant's Brief at 13.

 In the notice of determination, however, Claimant was instructed to use the Scranton UC Service Center address

---

1. A workforce investment office is "[a]n office where the Department [of Labor and Industry] provides employment services under the Wagner–Peyser Act (29 U.S.C.[] §§ 49–

49m)." 34 Pa.Code § 101.2. A workforce investment office may be identified as "a Team Pennsylvania CareerLink." *Id.*

to file a completed appeal form by mail, not for an appeal by personal delivery. The notice specifically stated that an appeal cannot be filed in-person at a UC Service Center. Moreover, placing an appeal form in an unattended drop-off box at the UC Service Center cannot be considered to be "personal delivery," which is defined as "[d]elivery by or on behalf of a party ... where a person *personally files* the appeal *at a Board office or workforce investment office.*" 34 Pa.Code § 101.2 (emphasis added).

■ Even assuming that the regulations permit the method used by Claimant to file the appeal, the appeal was still untimely. In an unemployment compensation case, the Board is the ultimate fact-finder and is empowered to make credibility determinations. *Elser v. Unemployment Comp. Bd. of Review,* 967 A.2d 1064 (Pa.Cmwlth. 2009). In making such determinations, the Board is free to reject the testimony of any witness, even uncontradicted testimony. *Daniels v. Unemployment Comp. Bd. of Review,* 755 A.2d 729 (Pa.Cmwlth.2000). The Board rejected as not credible Claimant's testimony that she dropped off the appeal form on December 29 between 3:30 p.m. and 4:00 p.m. The Board found that the appeal was filed on December 30 when the envelope was picked up from the drop-off box, as the notation on the envelope

indicates. The record does not reveal any indication that the notation was not entered in the UC Service Center's regular course of business. *See Cameron v. Unemployment Comp. Bd. of Review,* 59 Pa. Cmwlth. 567, 430 A.2d 396 (1981) (holding that absent proof of fraudulent conduct or its equivalent, the regularity of an administrative authority's action is presumed).[2]

■ Claimant further argues that her appeal should be permitted as an appeal *nunc pro tunc.* Claimant maintains that she relied on the sign in the foyer of the UC Service Center building in placing the appeal form in the drop-off box and that the Board was not prejudiced by her filing of the appeal one day after the expiration of the appeal period.

■ A statutory appeal period is mandatory and may not be extended as a matter of grace or mere indulgence. *Union Elec. Corp. v. Bd. of Prop. Assessment, Appeals & Review of Allegheny County,* 560 Pa. 481, 746 A.2d 581 (2000). An appeal *nunc pro tunc* may be allowed "only where a delay in filing the appeal is caused by extraordinary circumstances involving fraud or some breakdown in the administrative process, or non-negligent circumstances related to an appellant or his [or her] counsel or a third party." *Sofronski,* 695 A.2d at 924.[3]

2. Claimant relies on *Cumberland Valley Animal Shelter v. Unemployment Compensation Board of Review,* 881 A.2d 10 (Pa.Cmwlth. 2005), to support her argument that her testimony establishes the timeliness of her appeal. In that case, the Board accepted the claimant's testimony that her husband mailed a large envelope containing appeal documents to the referee's office one day before the expiration of the appeal period. The Board acknowledged that the referee lost the envelope mailed by the claimant and also failed to time-stamp the appeal form. This Court held that because the claimant's inability to prove the timeliness of her appeal was due solely to the referee's failure to retain the envelope and

time-stamp the appeal, the Board properly considered the claimant's testimony to determine the timeliness of the appeal. Unlike in *Cumberland Valley Animal Shelter,* the Board did consider Claimant's testimony but rejected it as not credible. Thus, the holding in that case does not support Claimant's argument.

3. The appellant must also establish that: (1) the appeal was filed within a short time after learning of and having an opportunity to address the untimeliness; (2) the elapsed time period is of very short duration; and (3) the appellee is not prejudiced by the delay. *Cook*

The record amply supports the Board's finding that Claimant was not in any way misinformed or misled by the unemployment compensation officials regarding the appeal procedure. She was given detailed information on how to file an appeal. The notice emphasized that an appeal cannot be filed in person at the UC Service Center. She ignored those instructions and attempted to file the appeal by placing it in the drop-off box at the UC Service Center. The Board rejected her testimony that she did not have money to buy a stamp to mail the appeal form.[4] Further, the sign posted in the foyer did not state that an appeal from the UC Service Center's determination of benefit eligibility could be dropped in the box. Unlike the cases cited in her brief,[5] the untimeliness of her appeal was caused by her own failure to follow the instructions in the notice of determination, not by extraordinary circumstances involving a non-negligent act, or fraud or a breakdown in the administrative process.

Because the record supports the dismissal of Claimant's appeal, the Board's order is affirmed.

### ORDER

AND NOW, this 10th day of December, 2010, the order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby AFFIRMED.

v. *Unemployment Comp. Bd. of Review*, 543 Pa. 381, 671 A.2d 1130 (1996); *Sofronski.*

4. The referee asked Claimant: "Why would you wait until the 29th to drive over and try to find a facility, you don't know where it is? For 15 days you didn't have $0.44 to put a stamp on and get it in the mail?" Notes of Testimony at 8; C.R., Item No. 9. Claimant replied that she was "a major procrastinator." *Id.*

5. *See Cook* (the appellant's hospitalization); *Bass v. Commonwealth*, 485 Pa. 256, 401 A.2d 1133 (1979) (illness of the secretary who was responsible for filing the appeal); *H.D. v. Pa. Dep't of Pub. Welfare*, 751 A.2d 1216 (Pa. Cmwlth.2000) (the department's negligence in mailing the notice of indicated child abuse report); *Monroe County Bd. of Assessment Appeals v. Miller*, 131 Pa.Cmwlth. 538, 570 A.2d 1386 (1990) (the board's negligence in informing the taxpayer regarding the appeal period); *Perry v. Unemployment Comp. Bd. of Review*, 74 Pa.Cmwlth. 388, 459 A.2d 1342 (1983) (mechanical problems with the law clerk's automobile while en route to the post office to mail the appeal).