# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Philip M. Mayo t/d/b/a Mayo's    :
Classic Catering,                  :
            Petitioner     :
                          :
         v.             :  No. 1256 C.D. 2015
                          :  Submitted: December 18, 2015
Department of Labor and Industry,  :
Office of Unemployment        :
Compensation Tax Services,    :
            Respondent   :

BEFORE:    HONORABLE DAN PELLEGRINI, President Judge[1]
                HONORABLE PATRICIA A. McCULLOUGH, Judge
                HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
PRESIDENT JUDGE PELLEGRINI          FILED: January 6, 2016

       Philip M. Mayo t/d/b/a Mayo's Classic Catering (Employer or Mayo) petitions for review of an order of the Unemployment Compensation Tax Review Office (Review Office) dismissing Employer's petition for reassessment (petition) and discontinuing all related proceedings because it abandoned its appeal. For the reasons that follow, we vacate the Review Office's order and remand for further proceedings.

---

      [1] This matter was assigned to this panel before January 1, 2016, when President Judge Pellegrini assumed the status of senior judge.

**I.**

In July 2014, Employer received a notice of assessment from the Office of Unemployment Compensation Tax Services (OUCTS) which it timely appealed to the Review Office. By letter dated November 21, 2014, the Review Office advised the parties:

> It has been determined that the distribution of proposed exhibits is likely to benefit the proceedings in the instant matter.
>
> **Accordingly, the Parties are hereby directed to exchange exhibits, in accordance with the enclosed instructions, no later than January 2, 2015.**
>
> \* \* \*
>
> As a reminder, each Party must serve upon the other Party a copy of any objections or additions filed with the Presiding Officer, as required by the *General Rules of Administrative Practice and Procedure* (GRAPP), 1 Pa. Code §§ 33.32–.37. The filing to this office should include certification that a copy also was served upon the other Party.
>
> \* \* \*
>
> **Petitioner, who bears the burden in this proceeding, also is hereby notified that failure to comply with the exhibit exchange, as set forth in this letter and the accompanying instructions, will be considered disinterest [*sic*] in the matter, and will result in the dismissal of the petition for failure to pursue.**

(Certified Record, Letter from the UC Tax Review Office to the Parties (November 21, 2014), at 2) (emphasis in original).

2

By letter dated December 31, 2014, Employer's counsel advised the Review Office that Employer "wants to comply fully with the Office's request for the production of documents" but that it could not determine which documents were relevant until the OUCTS provided further information regarding how it arrived at its assessment. (Certified Record, Letter from Employer's Counsel to the UC Tax Review Office (December 31, 2014.))

Subsequently, the Review Office directed the OUCTS to provide certain information, including the actual amount of purported wages paid by Employer for the 2012 tax year and the names of the recipients of those wages, no later than February 25, 2015. The OUCTS complied, after which the Review Office directed Employer to exchange its exhibits no later than March 30, 2015. The Review Office then granted Employer's request for an extension of time to allow Employer to gather the documents from its accountant and directed Employer to exchange the subject exhibits no later than April 30, 2015. By letter bearing a mailing date of April 30, 2015, Employer requested a second extension, advising that its accountant located the subject documents but needed to retrieve them from storage and, therefore, requested an extension until May 31, 2015.

Although the Review Board granted an extension until June 1, 2015, by order dated June 15, 2015, it explained that Employer failed to provide the requested documentation and thereby "effectively abandoned the appeal by [its] failure to respond." (6/15/15 Order of the Secretary of Labor and Industry.) As such, Employer's petition was dismissed and all associated proceedings were discontinued.

**II.**

On appeal,[2] Employer contends that it complied with the Review Board's order and submitted its exhibits by letter dated June 1, 2015, despite the fact that this correspondence does not appear in the certified record. In support of its argument, Employer relies upon a letter dated June 1, 2015, which it included in its reproduced record and which states:

> In accordance with your office's letters dated November 21, 2014 and May 6, 2015, respectively, in the above-captioned matter, enclosed please find true and correct copies of the exhibits [Mayo] intends to introduce, being [Mayo] 1 ([Mayo]'s Form 1096 for 2012), and [Mayo] 2 (Form 1099s issued by [Mayo] to his workers for 2012). [Mayo] reserves the right to supplement [its] exhibits, should the need arise….

(Reproduced Record [R.R.] at 9a.)

Conversely, the Review Office argues that it never received the letter and, because it is not contained in the certified record, it may not be considered by this Court on appeal. As such, the Review Office suggests that the certified record offers substantial support for its finding that Employer failed to comply with the Review Office's directive to exchange exhibits on or before June 1, 2015.

---

[2] The Court's review is limited to determining whether the Review Office's findings of fact are supported by substantial evidence, whether constitutional rights were violated, or whether errors of law were committed. *Showers v. Unemployment Compensation Board of Review*, 64 A.3d 1143, 1146 n. 4 (Pa. Cmwlth. 2013).

4

Importantly, the June 15, 2015 deadline established by the Review Office was not jurisdictional; rather, it was a scheduling deadline akin to a pre-trial order regarding the date by which exhibits had to be exchanged. Moreover, the absence of a document in the certified record "creates, at best, an inference" that the agency did not receive the document and, therefore, that it was not filed. *Bennett v. Unemployment Compensation Board of Review*, 33 A.3d 133, 137 (Pa. Cmwlth. 2011) (*en banc*). Before an agency may dismiss an appeal for a party's lack of failure to timely file a document, an appellant should be provided an opportunity at a hearing to establish the timeliness of its filing notwithstanding its absence in the record. *Id.*; *see also Russo v. Unemployment Compensation Board of Review*, 13 A.3d 1000, 1002 (Pa. Cmwlth. 2010). Because Employer's exhibit and position, if found credible and persuasive, could support a finding that it timely complied with the Review Office's directive, a hearing must be held to make that determination. This is particularly true where, as here, even if the alleged deficiency does exist, it does not deprive the Review Office of its jurisdiction over Employer's appeal.[3]

Accordingly, we vacate the Review Office's order and remand this matter to the Review Office to hold a hearing to determine, as a matter of fact, whether Employer complied with its previous directive.

DAN PELLEGRINI, President Judge

---

[3] Unlike statutory appeal periods which may not be extended as a matter of grace or mere indulgence, *Russo*, 13 A.3d at 1003, the Review Office was clearly capable of extending and, in fact, did extend the deadlines governing the exchange of exhibits.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Philip M. Mayo t/d/b/a Mayo's : 
Classic Catering, : 
        Petitioner : 
  : 
     v. : No. 1256 C.D. 2015
  : 
Department of Labor and Industry, : 
Office of Unemployment : 
Compensation Tax Services, : 
        Respondent : 

# **O R D E R**

AND NOW, this 6ᵗʰ day of January, 2016, we vacate the order of the Department of Labor and Industry, Unemployment Compensation Tax Review Office in the above-captioned matter and remand this case for further proceedings consistent with the foregoing opinion.

Jurisdiction is relinquished.

_____
DAN PELLEGRINI, President Judge