IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Frank Kinback,                  :
           Petitioner      :
                       :
         v.           :
                       :
Unemployment Compensation  :
Board of Review,         :   No. 2403 C.D. 2014
           Respondent   :   Submitted: November 20, 2015

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
             HONORABLE MARY HANNAH LEAVITT, Judge[1]
             HONORABLE ANNE E. COVEY, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                   FILED: March 7, 2016

       Frank Kinback (Claimant), pro se, petitions this Court for review of the Unemployment Compensation (UC) Board of Review's (UCBR) November 21, 2014 order dismissing Claimant's appeal under Section 501(e) of the UC Law (Law).[2] Essentially, the issue before the Court is whether the UCBR erred by dismissing Claimant's appeal as untimely.[3]  After review, we affirm.

       Claimant was receiving Emergency UC (EUC) benefits in 2014.  At that time, Claimant's address was 8125 Algon Avenue, Philadelphia, Pennsylvania 19152. On May 12, 2014, the Erie UC Service Center mailed Claimant a Notice of Determination (Determination) denying his EUC benefits for the week ending June 22, 2013, pursuant to Sections 4001(i)(1)(B) and 4001(i)(3) of the Supplemental

---

[1] This case was assigned to the opinion writer before January 4, 2016, when Judge Leavitt became President Judge.

[2] Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 821(e) (relating to time for appeal).

[3] Claimant also raises the issue of whether he was properly denied benefits under Sections 4001(i)(1)(B) and 4001(i)(3) of the Supplemental Appropriations Act of 2008, 26 U.S.C. § 3304 Note.  Given our disposition of the first issue, we do not reach that question.

Appropriations Act of 2008 (EUC Act), 26 U.S.C. § 3304 Note, due to his failure to participate in mandatory reemployment and eligibility assessment sessions. On that same day, the Erie UC Service Center mailed Claimant a Non-Fraud Overpayment Determination (Overpayment Determination) under Sections 4005(b) and 4005(c) of the EUC Act, 26 U.S.C. § 3304 Note. The Determinations were mailed to Claimant at 8125 Algon Avenue, Philadelphia, Pennsylvania 19152. Both Determinations informed Claimant that May 27, 2014 was the last day to file an appeal.

Claimant appealed from the Determinations on July 16, 2014. A Referee hearing was held on September 30, 2014. On October 2, 2014, the Referee dismissed Claimant's appeal as untimely pursuant to Section 501(e) of the Law. Claimant appealed to the UCBR. On November 21, 2014, the UCBR affirmed the Referee's decision. Claimant appealed to this Court.[4]

Claimant argues that the UCBR erred by dismissing his appeal as untimely since he did not receive the Determinations until after the last day to appeal, and thereafter he was unable to reach a representative at the unemployment office for nearly two weeks.

> Section 501(e) of the Law, . . . provides that an appeal from the UC Service Center's notice of eligibility determination must be filed 'within fifteen calendar days after such notice was delivered to him [or her] personally, or was mailed to his [or her] last known post office address.'

*Russo v. Unemployment Comp. Bd. of Review*, 13 A.3d 1000, 1002 (Pa. Cmwlth. 2010). "Failure to timely appeal an administrative agency's decision constitutes a jurisdictional defect." *Id.* "The appeal provisions of the law are mandatory: failure to file an appeal within fifteen days, without an adequate excuse for the late filing,

---

[4] "Our scope of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether the findings of fact were unsupported by substantial evidence." *Miller v. Unemployment Comp. Bd. of Review*, 83 A.3d 484, 486 n.2 (Pa. Cmwlth. 2014).

mandates dismissal of the appeal." *Dumberth v. Unemployment Comp. Bd. of Review*, 837 A.2d 678, 681 (Pa. Cmwlth. 2003) (quoting *U.S. Postal Serv. v. Unemployment Comp. Bd. of Review,* 620 A.2d 572, 573 (Pa. Cmwlth. 1993)).

> If an appeal is not filed within fifteen days of the mailing of the determination, it becomes final, and the [UCBR] does not have the requisite jurisdiction to consider the matter. Appeal periods, even at the administrative level, are jurisdictional and may not be extended as a matter of grace or indulgence; otherwise, there would be no finality to judicial action. Therefore, an appeal filed one day after the expiration of the statutory appeal period must be dismissed as untimely.

*Dumberth*, 837 A.2d at 681 (citations omitted). Here, because Claimant's appeal was not filed until July 16, 2014, 51 days after the May 27, 2014 deadline, it was clearly untimely.

> We acknowledge that an appeal's untimeliness is not always fatal.
>
> [T]he [UCBR] may consider an untimely appeal in limited circumstances. The burden to establish the right to have an untimely appeal considered is a heavy one because the statutory time limit established for appeals is mandatory. An appellant may satisfy this heavy burden in one of two ways. First, he can show the administrative authority engaged in fraudulent behavior or manifestly wrongful or negligent conduct. Second, he can show non-negligent conduct beyond his control caused the delay.

*Hessou v. Unemployment Comp. Bd. of Review*, 942 A.2d 194, 198 (Pa. Cmwlth. 2008) (citations omitted). "Where notice is mailed to a claimant's last known address and not returned by the postal authorities as undeliverable, the claimant is presumed to have received it and is barred from attempting to appeal after the expiration of the appeal period provided in Section 501(e) of the Law." *Mihelic v. Unemployment Comp. Bd. of Review*, 399 A.2d 825, 827 (Pa. Cmwlth. 1979).

In the instant matter, Claimant testified that in May 2014, he was working at a job in Washington, D.C. during the weekdays, but returned home on weekends and checked his mail. He could not recall what day he received the Determinations, but asserted that they were "already way past the [appeal] date." Certified Record Item 8, September 30, 2014 Notes of Testimony (N.T.) at 9. Claimant described that, after he read them, "[he] tried calling the unemployment office to find out what [he] had to do." N.T. at 9. He acknowledged that the appeal instructions accompanying the Determinations specified that appeals must be filed by mail, by fax or by email, and that he "must have overlooked" the portion of the instructions stating that appeals cannot be made by telephone. N.T. at 10.

Notwithstanding, Claimant asserted that he preferred to "talk to a live representative," which took him approximately two weeks. N.T. at 10. Claimant explained: "[W]hen . . . I tried calling the unemployment office[,] . . . I either got put on hold or the PAT system would say call back during business hours." N.T. at 9. Claimant recalled that when he finally reached a representative on July 11, 2014, he was told that although the appeal deadline had passed, an appeal form would be sent to him, and that he should mail or fax it, which he did on July 16, 2014.

Based upon this evidence, we hold that Claimant failed to prove that his appeal was due to "the administrative authority engag[ing] in fraudulent behavior or manifestly wrongful or negligent conduct[,]" or "non-negligent conduct beyond [Claimant's] control[.]" *Hessou*, 942 A.2d at 198. Rather, the evidence established that Claimant's untimely appeal was due to his failure to check his mail regularly, and his choice to file his appeal by telephone rather than as clearly instructed in the Determinations and appeal guidelines. Accordingly, the UCBR properly affirmed the Referee's decision dismissing Claimant's appeal.

4

For the above-stated reasons, the UCBR's order is affirmed.

_____
ANNE E. COVEY, Judge

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Frank Kinback, :
                    Petitioner :
                                  :
              v.                  :
                                  :
Unemployment Compensation         :
Board of Review,                  :     No. 2403 C.D. 2014
                    Respondent    :

## O R D E R

AND NOW, this 7th day of March, 2016, the Unemployment Compensation Board of Review's November 21, 2014 order is affirmed.

_____
ANNE E. COVEY, Judge