IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Gerardo Mejia,                          :
                        Petitioner      :
                                        :
              v.                        :
                                        :
Unemployment Compensation               :
Board of Review,                        :     No. 740 C.D. 2015
                        Respondent      :     Submitted: January 22, 2016


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
           HONORABLE ANNE E. COVEY, Judge
           HONORABLE JAMES GARDNER COLINS, Senior Judge


OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                             FILED: May 12, 2016


          Gerardo Mejia (Claimant) petitions this Court pro se for review of the
Unemployment Compensation (UC) Board of Review's (UCBR) March 26, 2015
order affirming the Referee's decision dismissing Claimant's appeal under Section
501(e) of the UC Law.[1]  Essentially, the issue before the Court is whether the UCBR
erred by dismissing Claimant's appeal as untimely.[2]  After review, we affirm.

          Claimant applied for UC benefits on April 13, 2014.  On April 18, 2014,
the Allentown UC Service Center issued a Notice of Financial Information (original
Notice) indicating that Claimant was not financially eligible for UC benefits.  *See*
Certified Record (C.R.) Item No. 7.  Claimant questioned the original Notice and, as
a result, by April 22, 2014 letter, the UC Service Center vacated the original Notice

---

[1] Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §
821(e) (relating to time for appeal).
[2] Claimant raised three issues, all of which concerned the merits of the underlying decision.
Given our disposition of the timeliness issue, we do not reach those issues.

and initiated a further investigation into the matter. The April 22, 2014 letter expressly advised Claimant: "Following this investigation, a [new Notice] will be issued to you. You have the right to appeal if you disagree with the [new Notice]. **Any appeal must be submitted in writing to the UC Service Center within the designated fifteen-day appeal period**." C.R. Item No. 7 (emphasis added). On May 9, 2014, the UC Service Center issued a new Notice indicating that Claimant did have the qualifying wages and 18 weeks of credit to entitle him to UC benefits in the amount of $568.00 per week. The new Notice expressly provided that "[t]he last day to timely appeal this determination is: **May 27, 2014**." C.R. Item No. 7 (emphasis in original). Claimant appealed from the new Notice on December 11, 2014 claiming he had more than 18 weeks of credit. A Referee hearing was held and, on February 11, 2015, the Referee dismissed Claimant's appeal as untimely pursuant to Section 501(e) of the Law. Claimant appealed to the UCBR. On March 26, 2015, the UCBR affirmed the Referee's decision and adopted and incorporated the Referee's findings and conclusions. On April 6, 2015, Claimant filed a Request for Reconsideration (Reconsideration). On April 27, 2015, the Board denied the Reconsideration. Claimant appealed to this Court.[3]

Although not specifically referenced in Claimant's brief, we can reasonably infer that he is arguing that: (1) the Referee's Findings of Fact 5 and 6 are not supported by substantial evidence; and (2) the record does not contain any

---

[3] By April 21, 2015 Notice, this Court preserved April 16, 2015 as the date Claimant filed his appeal based on "communication [received by the Court] indicating [Claimant's] intention to appeal" from the UCBR's order. April 21, 2015 Notice at 1.

"Our scope of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether the findings of fact were unsupported by substantial evidence." *Miller v. Unemployment Comp. Bd. of Review*, 83 A.3d 484, 486 n.2 (Pa. Cmwlth. 2014).

evidence to support the UCBR's inference that Claimant's claim was investigated and a new determination was produced.[4]

> Initially,
>
> Section 501(e) of the Law, . . . provides that an appeal from the UC Service Center's notice of eligibility determination must be filed 'within fifteen calendar days after such notice was delivered to him [or her] personally, or was mailed to his [or her] last known post office address.'

*Russo v. Unemployment Comp. Bd. of Review*, 13 A.3d 1000, 1002 (Pa. Cmwlth. 2010). "Failure to timely appeal an administrative agency's decision constitutes a jurisdictional defect." *Id.* "The appeal provisions of the law are mandatory: failure to file an appeal within fifteen days, without an adequate excuse for the late filing, mandates dismissal of the appeal." *Dumberth v. Unemployment Comp. Bd. of Review*, 837 A.2d 678, 681 (Pa. Cmwlth. 2003) (quoting *U.S. Postal Serv. v. Unemployment Comp. Bd. of Review,* 620 A.2d 572, 573 (Pa. Cmwlth. 1993)).

> If an appeal is not filed within fifteen days of the mailing of the determination, it becomes final, and the [UCBR] does not have the requisite jurisdiction to consider the matter. Appeal periods, even at the administrative level, are jurisdictional and may not be extended as a matter of grace or indulgence; otherwise, there would be no finality to judicial action. Therefore, an appeal filed one day after the expiration of the statutory appeal period must be dismissed as untimely.

*Dumberth*, 837 A.2d at 681 (citations omitted). Here, because Claimant's appeal was not filed until December 11, 2014, over five months after the May 27, 2014 deadline, it was clearly untimely.

---

[4] In Claimant's brief, under the section titled Order in Question, Claimant cites to the UCBR's Order denying his Reconsideration. *See* Claimant Br. at 4. Because this is the only reference to said order, we will address only the above issues in relation to the UCBR's March 26, 2015 order that affirmed the Referee's decision and dismissed Claimant's appeal.

3

Claimant argues that Findings of Fact 5 and 6 are not supported by substantial evidence. This Court has explained:

> Substantial evidence is relevant evidence upon which a reasonable mind could base a conclusion. In deciding whether there is substantial evidence to support the [UCBR's] findings, this Court must examine the testimony in the light most favorable to the prevailing party, . . . giving that party the benefit of any inferences which can logically and reasonably be drawn from the evidence.

*Sanders v. Unemployment Comp. Bd. of Review*, 739 A.2d 616, 618 (Pa. Cmwlth. 1999).

> Finding of Fact 5 states:

> [C]laimant delayed the filing of this appeal because he had returned back to work for a period of time, and decided to file the late appeal because of his belief there should be more than eighteen (18) credit weeks included within his base year on this [sic] Application of Benefits.

Referee Dec. at 2. The new Notice was dated May 9, 2014. At the Referee hearing, Claimant testified that he had been working for Sprinturf (Employer) since he opened his UC claim. C.R. Item No. 5, Notes of Testimony, February 11, 2015 (N.T.) at 4. Claimant further testified that "[t]he majority of the job is from May, June, July, late September, October." N.T. at 6. In addition, Claimant's fax cover page for his Petition for Appeal contained the description "late appeal" in the comment section. C.R. Item No. 2 at 3. Moreover, in his Petition for Appeal, Claimant asserted that "there is [sic] some credit weeks missing from some quarters." C.R. Item No. 2 at 4. Finally, although the Referee asked Claimant numerous times why he filed his appeal late, Claimant never answered the question. Rather, he continued to refer to the merits of the case. *See* N.T. at 6-9. Indeed, because of his refusal to answer the question, the Referee discontinued the hearing. N.T. at 10. Thus, Claimant's testimony and the documentary evidence support Finding of Fact 5.

Finding of Fact 6 states: "[C]laimant was not misinformed nor in any way misled regarding the right to appeal or the need to appeal." Referee Dec. at 2. Claimant was advised by April 22, 2014 letter that a new Notice would be issued, and that he had the right to appeal if he disagreed with the new Notice. The April 22, 2014 letter further advised that any appeal had to be submitted in writing to the UC Service Center within the designated fifteen-day appeal period. C.R. Item No. 7. The new Notice expressly provided that the last day to appeal was May 27, 2014. C.R. Item No. 7. Accordingly, Finding of Fact 6 is also supported by substantial evidence.

Moreover, Claimant admits in his brief:

Instead, [Claimant] was advi[s]e[d] several times by [UC] representatives to file an appeal to add them to claim. [Claimant] originally declined advice as he saw that there [was] no reason for [him] to submit to the stresses [an] appeal might present for an intentional error on UC monitoring part [sic] of not being able to conclude[] its investigation. [Claimant] agreed to file a [late appeal.]

Claimant Br. at 8. Clearly, Claimant was properly informed regarding his right to appeal.

Claimant next contends that the record does not contain any evidence to support the UCBR's inference that Claimant's claim was investigated and that a new determination was produced. To the contrary, the record contains the April 22, 2014 letter advising Claimant that an investigation into the original Notice would be initiated, and that "[f]ollowing the investigation, a new [Notice] w[ould] be issued to [Claimant;]" and the new Notice issued thereafter. C.R. Item No. 7. As the original Notice found Claimant ineligible for UC benefits, and the new Notice found Claimant did have the qualifying wages and 18 weeks of credit to entitle him to UC benefits in

the amount of $568.00 per week, the record contains substantial evidence to conclude that an investigation was completed and a new determination was issued.

We acknowledge that an appeal's untimeliness is not always fatal.

> [T]he [UCBR] may consider an untimely appeal in limited circumstances. The burden to establish the right to have an untimely appeal considered is a heavy one because the statutory time limit established for appeals is mandatory. An appellant may satisfy this heavy burden in one of two ways. First, he can show the administrative authority engaged in fraudulent behavior or manifestly wrongful or negligent conduct. Second, he can show non-negligent conduct beyond his control caused the delay.

*Hessou v. Unemployment Comp. Bd. of Review*, 942 A.2d 194, 198 (Pa. Cmwlth. 2008) (citations omitted). "Where notice is mailed to a claimant's last known address and not returned by the postal authorities as undeliverable, the claimant is presumed to have received it and is barred from attempting to appeal after the expiration of the appeal period provided in Section 501(e) of the Law." *Mihelic v. Unemployment Comp. Bd. of Review*, 399 A.2d 825, 827 (Pa. Cmwlth. 1979).

Based upon the evidence presented in this case, Claimant failed to prove that his untimely appeal was due to "the administrative authority engag[ing] in fraudulent behavior or manifestly wrongful or negligent conduct[,]" or "non-negligent conduct beyond [Claimant's] control[.]" *Hessou*, 942 A.2d at 198. Rather, the evidence established that Claimant simply filed his appeal late. Accordingly, we hold that the UCBR properly affirmed the Referee's decision dismissing Claimant's appeal as untimely.

For all of the above reasons, the UCBR's order is affirmed.

_____
ANNE E. COVEY, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Gerardo Mejia,                 :
                Petitioner      :
                                  :
              v.                    :
                                  :
Unemployment Compensation    :
Board of Review,               :      No. 740 C.D. 2015
              Respondent    :

## O R D E R

AND NOW, this 12th day of May, 2016, the Unemployment Compensation Board of Review's March 26, 2015 order is affirmed.

_____
ANNE E. COVEY, Judge