Stephanie Bertoni,                   :
                     Petitioner     :
                                 :
             v.                  :
                                 :
Unemployment Compensation  :
Board of Review,            :   No. 460 C.D. 2018
                 Respondent   :   Submitted: October 12, 2018


BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
              HONORABLE ANNE E. COVEY, Judge
              HONORABLE MICHAEL H. WOJCIK, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                       FILED: November 21, 2018

Stephanie Bertoni (Claimant), pro se, petitions this Court for review of the Unemployment Compensation (UC) Board of Review's (UCBR) March 15, 2018 order affirming the Referee's decision denying Claimant's appeal as untimely (Order). The issue before this Court is whether the UCBR properly dismissed Claimant's appeal. After review, we affirm.

Claimant applied for UC benefits on October 16, 2016. On February 22, 2017, the Scranton UC Service Center (UC Service Center) issued a Notice of Financial Determination (Notice) reflecting that Claimant's weekly benefit rate was $264.00. The Notice expressly informed Claimant: "The last day to timely appeal this determination is: **Mar. 09, 2017**." Certified Record (C.R.) Item 4 (Notice) at 1. Claimant appealed to the Referee on **July 27, 2017**, claiming that not all of her wages had been included in the UC Service Center's calculation. A Referee hearing was held on September 5, 2017. On September 12, 2017, the Referee dismissed

Claimant's appeal as untimely pursuant to Section 501(e) of the UC Law (Law).[1]  On March 15, 2018, the UCBR adopted and incorporated the Referee's findings of fact and conclusions of law and affirmed the Referee's decision.  Claimant appealed to this Court.[2]

Claimant argues that the UCBR erred by affirming the Referee's dismissal of her appeal.  However, "Section 501(e) of the Law . . . provides that an appeal from the UC Service Center's notice . . . must be filed 'within fifteen calendar days after such notice was delivered to [her] personally, or was mailed to [her] last known post office address.'"  *Russo v. Unemployment Comp. Bd. of Review*, 13 A.3d 1000, 1002 (Pa. Cmwlth. 2010) (quoting 43 P.S. § 821(e)).  "Failure to timely appeal an administrative agency's decision constitutes a jurisdictional defect."  *Russo*, 13 A.3d at 1002.  "The appeal provisions of the law are mandatory: failure to file an appeal within fifteen days, without an adequate excuse for the late filing, mandates dismissal of the appeal."  *Dumberth v. Unemployment Comp. Bd. of Review*, 837 A.2d 678, 681 (Pa. Cmwlth. 2003) (quoting *U.S. Postal Serv. v. Unemployment Comp. Bd. of Review,* 620 A.2d 572, 573 (Pa. Cmwlth. 1993)).

> If an appeal is not filed within fifteen days of the mailing of the determination, it becomes final, and the [appellate body] does not have the requisite jurisdiction to consider the matter.  Appeal periods, even at the administrative level, are jurisdictional and may not be extended as a matter of grace or indulgence; otherwise, there would be no finality to

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 821(e).

[2] "Our scope of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether the findings of fact were unsupported by substantial evidence.  Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704."  *Turgeon v. Unemployment Comp. Bd. of Review*, 64 A.3d 729, 731 n.3 (Pa. Cmwlth. 2013).

On March 26, 2018, Claimant filed a request for reconsideration, which the UCBR denied on April 13, 2018.  *See* C.R. Items 12, 14.  In addition, Employer filed a motion in this Court to quash Claimant's brief for failure to comply with the Pennsylvania Rules of Appellate Procedure on briefing.  On August 20, 2018, this Court ordered Claimant to file an amended brief, which she did.

judicial action. Therefore, an appeal filed one day after the expiration of the statutory appeal period must be dismissed as untimely.

*Dumberth*, 837 A.2d at 681 (citations omitted).

In the instant matter, Claimant declared that she received the UC Service Center's Notice, discovered that not all of her wages were used in the calculation, and "kept calling to try to straighten this out, and [representatives at the UC office] said they were working on it." C.R. Item 7 (Notes of Testimony, August 21, 2017) (N.T.) at 11. Specifically, Claimant testified:

> R[eferee] Did you understand that an [a]ppeal must be in writing, and not by telephone?
>
> . . . .
>
> C[laimant] I understand that. I had faxed and written and called so many times, it's just --
>
> R Well, the thing is, no matter how many times you faxed or wrote or called, there was that [Notice] that was issued in February. And the first issue is why it wasn't appealed on time. . . . It is up to you, as the person filing the [a]ppeal, to show why it was filed late, and why you believe it should be considered timely. . . .
>
> C No, I understand. It's - this was very frustrating for me, it got to the point where I didn't know -- I really didn't know what to do. So, my question is, I mean, why did I have to go through all this? I mean --
>
> . . . .
>
> R Well, in any event, do you have anything else to say about why your [a]ppeal was late?
>
> C I apologize. I cannot think of a response that would be acceptable to you.
>
> . . . .

R . . . [U]nless you give a really, really good reason why you were misled into not filing the [a]ppeal on time, it could be dismissed.

C Well, I guess my understanding was, when I looked at the Referee's Decision from the last time that I was here,[3] honestly, I think I was waiting for them to show that they had received all the information from all of the [e]mployers and put it into the [Notice]. I just assumed everything was going to be okay after that.

R You assumed?

C I did. Yeah.

R . . . All right. Anything else?

C I can't think of anything else to explain it. I mean, I was talking to, you know, the representatives like [UC Tax agent Dawn] Good and others at the UC, and, you know, somebody told me, they said go ahead and apply now. It's . . . going to be late, but go ahead and do that. So, I was instructed to do that.

. . . .

C . . . [I]s there any consideration that the UC can give me for all that I've tried to do here to try to straighten it out on my end?

. . . .

C I've met every other deadline --

N.T. at 12-13. Based upon our review of the record, Claimant did not file any documents with the UC Service Center between the February 22, 2017 Notice and Claimant's July 27, 2017 appeal.

_____

[3] According to the record, the UC Service Center issued a notice of financial determination on November 8, 2016. *See* C.R. Item 5 at 5. Notably, Claimant timely appealed from that determination on November 10, 2016. *See* C.R. Item 5 at 4. On February 9, 2017, the Referee remanded the matter to the UC Service Center to include all of Claimant's purported employers. *See* C.R. Item 4 at 1; *see also* N.T. at 11-12; Claimant Br. at 3; Referee Findings of Fact 8. After remand, the UC Service Center issued the February 22, 2017 Notice from which Claimant untimely appealed.

We acknowledge that an appeal's untimeliness is not always fatal.

[T]he [UCBR] may consider an untimely appeal in limited circumstances. The burden to establish the right to have an untimely appeal considered is a heavy one because the statutory time limit established for appeals is mandatory. An appellant may satisfy this heavy burden in one of two ways. First, [s]he can show the administrative authority engaged in fraudulent behavior or manifestly wrongful or negligent conduct. Second, [s]he can show non-negligent conduct beyond h[er] control caused the delay.

*Hessou v. Unemployment Comp. Bd. of Review*, 942 A.2d 194, 198 (Pa. Cmwlth. 2008) (citations omitted).

While we sympathize with Claimant's plight, there is no record evidence that her untimely appeal was due to "the administrative authority engag[ing] in fraudulent behavior or manifestly wrongful or negligent conduct[,]"[4] or "non-negligent conduct beyond [Claimant's] control[.]" *Hessou*, 942 A.2d at 198. Accordingly, because Claimant's appeal was not filed until July 27, 2017, 140 days after the March 9, 2017 deadline, we hold that the UCBR properly affirmed the Referee's decision dismissing Claimant's appeal as untimely.

For all of the above reasons, the UCBR's Order is affirmed.

_____
ANNE E. COVEY, Judge

---

[4] Claimant's speculation in the record that her difficulty in having the Notice errors corrected was due to the UC office understaffing and budget cuts, *see* Claimant Br. at 6, is irrelevant. Such claim does not excuse her filing the appeal late. *Pa. Tpk. Comm'n v. Unemployment Comp. Bd. of Review*, 991 A.2d 971, 975 (Pa. Cmwlth. 2009) (Claimant's "intent to challenge the [UC] Service Center's . . . determination . . . do[es] not negate [Claimant's] obligation to file an appeal.").

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Stephanie Bertoni,                          :
                    Petitioner             :
                                            :
            v.                              :
                                            :
Unemployment Compensation                   :
Board of Review,                            :    No. 460 C.D. 2018
                    Respondent             :

## O R D E R

AND NOW, this 21st day of November, 2018, the Unemployment Compensation Board of Review's March 15, 2018 Order is affirmed.

_____
ANNE E. COVEY, Judge