IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Michael H. Lee, III,                      :
                                          :
                    Petitioner            :
                                          :
          v.                              :  No.  1547 C.D. 2018
                                          :  Submitted:  May 3, 2019
Unemployment Compensation                 :
Board of Review,                          :
                                          :
                    Respondent            :


BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
          HONORABLE PATRICIA A. McCULLOUGH, Judge
          HONORABLE MICHAEL H. WOJCIK, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                                    FILED:  July 19, 2019


          Michael H. Lee, III (Claimant) petitions *pro se* for review of the
October 22, 2018 order of the Unemployment Compensation Board of Review
(Board), dismissing Claimant's appeal as untimely under Section 501(e) of the
Unemployment Compensation Law (Law).[1]  For the reasons that follow, we affirm.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S.
§821(e).  Section 501(e) provides, in relevant part:

> Unless the claimant . . . files an appeal with the board, from the
> determination contained in any notice required to be furnished by
> the department . . . within fifteen calendar days after such notice
> . . . was mailed to his last known post office address, and applies
> for a hearing, such determination of the department, with respect to
> the particular facts set forth in such notice, shall be final and
> compensation shall be paid or denied in accordance therewith.

**(Footnote continued on next page…)**

Claimant worked for TruGreen (Employer) for a period of time ending on November 10, 2017. Certified Record (C.R.) Item No. 6. Claimant applied for unemployment compensation (UC) benefits and began receiving biweekly payments. *Id.*

Employer submitted an Employer Questionnaire, stating that Claimant voluntarily quit his employment while continuing work was available. C.R. Item No. 4. On June 25, 2018, the local UC service center issued a notice of determination that Claimant was ineligible for benefits under Section 402(b) of the Law,[2] beginning with the week ending December 30, 2017. C.R. Item No. 6. The UC service center also issued a notice of determination on June 26, 2018, which explained that Claimant had received a non-fault overpayment of $2,422. *Id.* Both notices clearly stated that the final dates to timely appeal were July 10, 2018, and July 11, 2018, respectively. *Id.*

Claimant filed a petition for appeal on August 20, 2018. C.R. Item No. 7. A referee held a hearing on September 12, 2018, to determine whether Claimant had filed valid and timely appeals under Section 501(e). C.R. Item No. 11. Claimant appeared *pro se*, and Employer did not attend.

Claimant testified that he did not remember seeing the notices of determination. He acknowledged that he did not have problems with his mail.

**(continued…)**

43 P.S. §821(e).

[2] Under Section 402(b) of the Law, an employee is ineligible for compensation for any week in which his unemployment is due to voluntarily leaving work without necessitous and compelling cause. 43 P.S. §802(b).

When asked if there was anything else he wanted to say, Claimant responded, "Not that I know of." Notes of Testimony (N.T.), 9/12/18, at 3-4.

The referee issued a decision on September 14, 2018. She found that the notices were mailed to Claimant's last known post office address on June 25, and June 26, 2018; the notices were not returned as undeliverable; the notices informed Claimant that the last dates to file his appeals were July 10, and July 11, 2018; and Claimant was not misinformed or misled regarding his right of appeal. Findings of Fact (F.F.) Nos. 1-4, 6. The referee found that Claimant did not file his appeal on time, but waited until August 20, 2018. F.F. No. 5. Thus, the referee dismissed Claimant's appeal as untimely pursuant to Section 501(e) of the Law.

Claimant appealed to the Board on September 24, 2018. C.R. Item No. 13. In his appeal petition, Claimant wrote, "When I received the determination . . . I [believed] that the benefits were coming to an end. I never realized that I was being accused of wrongly collecting benefits. This is why I did not file the first appeal in a timely manner." *Id.* In its October 22, 2018 order, the Board affirmed the referee's decision, adopting and incorporating the referee's findings of fact. Additionally, the Board found that Claimant did not have issues or concerns related to receiving his mail. The Board concluded that Claimant did not meet his burden for allowance of an appeal *nunc pro tunc*. C.R. Item No. 14.

On appeal to this Court,[3] Claimant argues that the Board erred in failing to find him eligible for benefits under Sections 401(c) of the Law (valid applications) and 402(b) of the Law (voluntarily quit), 43 P.S. §§ 801(c), 802(b).

_____

[3] Our scope of review is limited to determining whether an error of law was committed, whether the findings of fact are supported by substantial evidence, or whether constitutional rights were violated. *Miller v. Unemployment Compensation Board of Review*, 83 A.3d 484, 486 n.2 (Pa. Cmwlth. 2014).

Claimant also argues that the Board erred in dismissing his appeal as untimely and in denying him permission to appeal *nunc pro tunc*. We first address the Board's dismissal of Claimant's appeal as untimely.

Section 501(e) of the Law provides that an appeal from a UC determination must be filed within 15 days after notice was delivered to a party personally or was mailed to its last known post office address. 43 P.S. §821(e). *See also* Section 101.82 of the Board's regulations, 34 Pa. Code §101.82. If an appeal from a UC service center's determination is not filed within 15 days of its mailing, the determination becomes final and the Board does not have jurisdiction to consider the matter. *Vereb v. Unemployment Compensation Board of Review*, 676 A.2d 1290, 1292 (Pa. Cmwlth. 1996). The statutory appeal period is mandatory and cannot be extended as a matter of grace or mere indulgence. *Russo v. Unemployment Compensation Board of Review*, 13 A.3d 1000, 1003 (Pa. Cmwlth. 2010); *Blast Intermediate Unit No. 17 v. Unemployment Compensation Board of Review*, 645 A.2d 447, 449 (Pa. Cmwlth. 1994).

Nevertheless, an appeal *nunc pro tunc* may be allowed where a delay in filing is caused by extraordinary circumstances involving fraud, a breakdown in the administrative process, or non-negligent circumstances related to an appellant, his counsel, or a third party. *Russo*, 13 A.3d at 1003 (citing *Cook v. Unemployment Compensation Board of Review*, 671 A.2d 1130, 1131 (Pa. 1996)). The appellant also must establish that: the appeal was filed within a short time after learning of and having an opportunity to address the untimeliness; the time period elapsed is of a very short duration; and the appellee is not prejudiced by the delay. *Id.*

4

Claimant argues he is entitled to a *nunc pro tunc* appeal. In support, he avers that the individuals he lived with "did not value or secure his mail," and did not ensure that he properly received it. Claimant's brief at 11. He further asserts that his delay in filing resulted from time he spent "actively acquiring additional skills and education . . . ." *Id.* at 11. Finally, Claimant contends that when he received the notices, he "did not interpret the language" to "understand that the Determination was alleging that [he] was never entitled to benefits." *Id.* at 7.

However, Claimant does not challenge the Board's factual findings that the determinations were mailed, that the determinations were not returned as undeliverable, or that he had issues or concerns with receiving his mail. F.F. Nos. 2, 3, 7. Therefore, these findings are binding on appeal. *Munski v. Unemployment Compensation Board of Review*, 29 A.3d 133, 137 (Pa. Cmwlth. 2011) ("Unchallenged findings are conclusive on appeal . . . .").

Additionally, the allegations in Claimant's brief concerning his living accommodations and his attempts to obtain skills and education are not supported by record evidence and cannot be considered by this Court. *Hollingsworth v. Unemployment Compensation Board of Review*, 189 A.3d 1109, 1113 (Pa. Cmwlth. 2018) ("mere allegations are no substitute for record evidence," and, therefore, "this Court cannot consider the averments of fact in [a party's] brief when determining whether the Board erred in issuing its findings"). *See also B.K. v. Department of Public Welfare*, 36 A.3d 649, 657 (Pa. Cmwlth. 2012) ("An appellate court is limited to considering only those facts that have been duly certified in the record on appeal . . . . For purposes of appellate review, that which is not part of the certified record does not exist.").

Finally, as to Claimant's argument that he misunderstood the notices, it is well-established that misunderstanding a determination does not constitute the requisite extraordinary circumstances for a *nunc pro tunc* appeal. *Finney v. Unemployment Compensation Board of Review*, 472 A.2d 753, 753-54 (Pa. Cmwlth. 1984) ("Possible ignorance of the law does not excuse a party to an action from his statutory obligation to file an appeal within the prescribed appeal period.").

Accordingly, we conclude that Claimant did not establish non-negligent circumstances that interfered with his receipt of the notices or his ability to file a timely appeal. Further, Claimant did not establish the date on which he received the notices, that he filed his appeal within a short time thereafter, or that the appellee would not be prejudiced. *Cook*, 671 A.2d 1131; *Russo*, 13 A.3d 1003. Consequently, the Board correctly determined that Claimant did not meet his burden to prove entitlement to *nunc pro tunc* relief.

For the foregoing reasons, the Board properly dismissed Claimant's appeal as untimely. Accordingly, we affirm.[4]

_____
MICHAEL H. WOJCIK, Judge

---

[4] Because the Board did not have jurisdiction to consider the merits of the UC service center's determination, "it naturally follows that this Court does not either." *Darroch v. Unemployment Compensation Board of Review*, 627 A.2d 1235, 1238 n.6 (Pa. Cmwlth. 1993). As a result, we will not address the merits of Claimant's remaining appellate claims.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Michael H. Lee, III,           :
                                      :
                 Petitioner   :
                                        :
                     v.          : No. 1547 C.D. 2018
                                        :
Unemployment Compensation   :
Board of Review,              :
                                      :
                Respondent :

# **O R D E R**

AND NOW, this <u>19</u>th day of <u>July</u>, 2019, the order of the Unemployment Compensation Board of Review, dated October 22, 2018, is AFFIRMED.

_____
MICHAEL H. WOJCIK, Judge