IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Frank Diaz,                              :
                          Petitioner     :
                                         :
          v.                             : No.  523 C.D. 2022
                                         : Submitted:  March 31, 2023
Unemployment Compensation                :
Board of Review,                         :
                          Respondent     :


BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE ANNE E. COVEY, Judge
           HONORABLE STACY WALLACE, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WALLACE                              FILED:  August 17, 2023


Frank Diaz (Claimant) petitions for review, pro se, of the order of the Unemployment Compensation Board of Review (Board) mailed April 7, 2022, which affirmed the Unemployment Compensation Referee's (Referee) decision dismissing Claimant's appeal as untimely under Section 501(e) of the Unemployment Compensation Law (Law).[1]  After review, we affirm.

## BACKGROUND

Claimant applied for unemployment compensation (UC) benefits on December 6, 2020.  Certified Record (C.R.) at 15.  On May 11, 2021, the Department

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 821(e).

of Labor and Industry (Department) issued a Notice of Determination (Notice) denying benefits under Section 402(b) of the Law[2] indicating Claimant was ineligible for benefits because he voluntarily left work without a necessitous and compelling reason.[3] C.R. at 11. On November 17, 2021, Claimant appealed to the Referee via electronic mail (e-mail). C.R. at 15.

On December 30, 2021, the Referee held a telephone hearing. C.R. at 44-52. Claimant participated in the hearing pro se as the sole witness to testify. *Id*. In relevant part, Claimant testified as follows:

> [Q:] . . . And so[,] when did you file an [a]ppeal to the denial of receiving benefits?
>
> [A:] I have sent so many emails that, you know, because no one was contacting me, so I don't remember the exact date of filing the [a]ppeals, but I've filed it two times, once I got denied – I got the letter, I filled out the letter, I went to a post office, and I sent it in the same day. I never received anything for a while, for months.
>
> . . . .
>
> [Q:] . . . So I was asking you, you filed an [a]ppeal via email in November, correct?
>
> [A:] I'm not sure when was it exactly that I filed it, but I did file it by email. Before that I had filed through the post office. I had sent the letter in. But yes, I have – I've filed twice for [a]ppeals.

---

[2] 43 P.S. § 802(b). Section 402(b) of the Law provides that an employee is ineligible for compensation for any week where his unemployment is the result of his voluntary work departure without a necessitous and compelling cause. 43 P.S. § 802(b).

[3] The Department found Claimant "voluntarily quit because of the death of his child." C.R. at 11.

*Id.* at 50. While Claimant alleged he had previously filed an appeal via United States Postal Service mail (U.S. mail), he did not provide a date or any documentation supporting this assertion.[4]

After the hearing, the Referee dismissed Claimant's appeal as untimely under Section 501(e) of the Law. C.R. at 55-58. The Referee noted that to have jurisdiction to consider an appeal filed after the 15-day appeal period, a claimant must show either fraud or a breakdown in the administrative process, or non-negligent conduct by the claimant which caused the late appeal. *Id.* at 55. The Referee concluded Claimant failed to file his appeal within the 15-day appeal period, there was no evidence Claimant was misinformed or misled regarding his right to appeal, and thus the Referee lacked jurisdiction to consider the appeal's merits.[5] *Id.* at 55-56.

Claimant appealed to the Board, which mailed its decision on April 7, 2022. C.R. at 75. The Board affirmed the Referee's decision, finding the Department mailed Claimant its Notice to his last known postal address on May 11, 2021. *Id.* The Board found Claimant received the Notice, which advised him his final day to appeal was May 26, 2021. *Id.* The Board determined Claimant filed his appeal via e-mail on November 17, 2021, noting the following: "[C]laimant alleges that he

---

[4] While Claimant did not testify to a date, his November 17, 2021 e-mail states the following: "This is my second request for an appeal since I don't know what happened to my first request. My first request was sent via US Postal Service. I am not sure of the date except I believe it was late July or early August of 2021." C.R. at 18.

[5] In his brief, Claimant notes the "confusing" dates in the Referee's decision, quoting excerpts of the record. Claimant's Br. at 11-12. Based on our review, the Referee's decision appears to have utilized incorrect dates in its findings of fact. For example, the Referee's decision indicates the last day to "file a timely appeal to the determination was November 17, 2021" and Claimant "emailed his appeal on June 28, 2021." C.R. at 54. We acknowledge Claimant's confusion regarding this clerical error, but we are also mindful that the Board, not the Referee, is the fact-finder in the appeal before us.

3

mailed an appeal prior to his e[-]mailed appeal. Because [C]laimaint did not provide documentation establishing that he mailed an appeal, [C]laimant's testimony in this regard is not credible." *Id*. at 76. The Board further went on to state: "In any event, [C]laimant's November 17, 2021[] appeal states that he initially mailed an appeal in late July or early August[] 2021, which still was beyond his deadline." *Id*. Thus, the Board concluded that because Claimant's appeal to the Referee was untimely, and an untimely appeal strips the Board of jurisdiction, the Referee properly dismissed Claimant's appeal. *Id*. Claimant filed a Petition for Review in this Court.

## ANALYSIS

This Court reviews unemployment compensation orders for violations of a claimant's constitutional rights, violations of agency practice and procedure, or other errors of law. 2 Pa. C.S. § 704. We also review whether substantial evidence supports the findings of fact necessary to sustain the Board's decisions. *Id*. As the fact-finder in these cases, it is up to the Board to assess witness credibility and weight of the evidence. *Hubbard v. Unemployment Comp. Bd. of Rev.*, 252 A.3d 1181, 1185 n.2 (Pa. Cmwlth. 2021) (citation omitted).

The sole issue before this Court is whether Claimant filed a timely appeal from the Notice. At the time Claimant received the Notice, Section 501(e) of the Law provided:

> Unless the claimant . . . files an appeal with the [B]oard, from the determination contained in any notice required to be furnished by the [D]epartment . . . within fifteen calendar days after such notice . . . was mailed to his last known post office address, and applies for a hearing, such determination of the [D]epartment, with respect to the particular facts set forth in such notice, shall be final and compensation shall be paid or denied in accordance therewith.

4

*Id.*[6]

A claimant's failure to timely appeal within the deadline is a jurisdictional defect, which this Court may not overlook or disregard. *Carney v. Unemployment Comp. Bd. of Rev.*, 181 A.3d 1286, 1288 (Pa. Cmwlth. 2018) (citation omitted). Further, this Court is not permitted to extend an appeal deadline as a matter of grace or indulgence. *Russo v. Unemployment Comp. Bd. of Rev.*, 13 A.3d 1000, 1003 (Pa. Cmwlth. 2010). To justify an untimely appeal and obtain nunc pro tunc relief, a claimant bears a heavy burden of demonstrating extraordinary circumstances involving (1) fraud or a breakdown in the administrative authority's operation or (2) non-negligent conduct of the claimant that was beyond his control. *Hessou v. Unemployment Comp. Bd. of Rev.*, 942 A.2d 194, 198 (Pa. Cmwlth. 2008).

Here, Claimant admitted he received the Notice. The Notice advised Claimant he had 15 days to file his appeal, or until May 26, 2021. Claimant did not file his appeal until November 17, 2021. Throughout his brief, and consistent with his testimony at the Referee's hearing, Claimant asserts he filed his appeal via U.S. mail before he e-mailed his November 17, 2021 appeal. Claimant's Br. at 6, 8, 10-11. However, the Board declined to accept this assertion,[7] finding it not credible, and concluding that Claimant's failure to file a timely appeal "was not caused by fraud or its equivalent by the administrative authorities, a breakdown in the appellate system, or by non-negligent conduct." C.R. at 76. In reviewing the Board's decisions on appeal, we do not disturb its credibility determinations. Its findings of

---

[6] We note that in the Act of June 30, 2021, P.L. 173, the General Assembly extended the appeal deadline in Section 501(e) of the Law from 15 days to 21 days, which applies to notices of determination issued after July 24, 2021. Because the Department's Notice of Determination here was issued before July 24, 2021, the 15-day appeal period still applied.

[7] Even had the Board credited that Claimant filed his appeal by U.S. Mail, the uncontroverted evidence indicates that if he filed by mail, he did so well after May 26, 2021.

5

fact are conclusive so long as substantial evidence of record supports its findings, which it does here. *See Taylor v. Unemployment Comp. Bd. of Rev.*, 378 A.2d 829, 832 (Pa. 1977).

## CONCLUSION

Therefore, we conclude the Board properly dismissed Claimant's appeal as untimely under Section 501(e) of the Law. Claimant failed to credibly demonstrate that his delay was caused by extraordinary circumstances involving fraud, a breakdown in the administrative process, or non-negligent circumstances beyond his control. Accordingly, we affirm the Board's order.

_____
STACY WALLACE, Judge

6

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Frank Diaz,                              :
                        Petitioner       :
                                         :
            v.                           : No.  523 C.D. 2022
                                         :
Unemployment Compensation                :
Board of Review,                         :
                        Respondent       :

# **O R D E R**

   **AND NOW**, this 17th day of August 2023, the Unemployment Compensation Board of Review's order mailed April 7, 2022 is **AFFIRMED**.


                                  _____
                                  STACY WALLACE, Judge