627 A.2d 1235

**Alan DARROCH, Petitioner,**

v.

**UNEMPLOYMENT COMPENSATION BOARD
OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 7, 1993.

Decided June 25, 1993.

436

Alan Darroch, pro se.

James K. Bradley, Asst. Counsel, for respondent.

Before COLINS and PELLEGRINI, JJ., and SILVESTRI, Senior Judge.

PELLEGRINI, Judge.

Alan Darroch (Claimant) appeals a decision of the Unemployment Compensation Board of Review (Board) reversing a referee's order and disqualifying him from receipt of unemployment compensation benefits pursuant to Section 402(e) of

the Unemployment Compensation Law.[1] Because the Board had no jurisdiction to enter such a decision, we vacate.

On November 1, 1991, Claimant was discharged from his position as a field foremen with Asplundh Tree Specialist (Employer) for failing to conform to the Employer's rules concerning reporting in and submitting timely reports. Claimant filed a claim for unemployment compensation benefits with the Bureau of Unemployment Compensation Benefits and Allowances (Bureau). The Bureau approved the claim, and by letter dated March 2, 1992, notified Employer of the determination. Included in this letter was a notice to the Employer that it could appeal the determination within fifteen days pursuant to Section 501(e) of the Law.[2]

Employer contended that Claimant was discharged due to willful misconduct because despite prior warnings, he continued to turn his work in late and failed to notify Employer as to his worksite for three consecutive days. However, the appeal letter was not received by the Bureau until March 25, 1992, and the envelope in which it arrived had no postmark.

Before the referee, the Employer's representatives testified that Claimant was aware that he was to report his location each day and that each Monday he was to turn in the computer disc containing his work record. Despite being warned in the past concerning his failure to comply with these work rules, during the week of November 1, 1992, Claimant had neither turned in his work, nor reported his worksite for three consecutive days. As a result, the Employer's representatives testified, Claimant was discharged. As to the timeliness of the appeal, a representative of Gates–McDonald, Employer's agent for processing unemployment compensation claims, testified as to his organization's customary mailing practices. He testified that he prepared and signed the appeal letter on March 17, 1992 and placed it in a basket for others to mail later that day.

1. Act of December 5, 1936, Second Ex.Sess. (1937), P.L. 2897, *as amended*, 43 P.S. § 802(e).

2. 43 P.S. § 821(e).

█ Based upon the Employer's explanation, the referee deemed the appeal to have been timely filed, but nonetheless granted benefits finding Claimant's behavior not to rise to the level of willful misconduct. The Employer appealed the referee's decision to the Board. The Board agreed with the referee that the appeal was timely filed, but reversed the referee's grant of unemployment compensation benefits, viewing the Claimant's deliberate rule violation to constitute willful misconduct under Section 402(e) of the Law. This appeal followed.[3]

█ Before we reach the merits of this appeal, we must first determine whether the Employer's initial appeal was timely filed in accordance with the provisions of Section 501(e) of the Law. If not, this Court is divested of jurisdiction. *DiIenno v. Unemployment Compensation Board of Review*, 59 Pa.Commonwealth Ct. 496, 429 A.2d 1288 (1981). Even if, as here, the issue is not raised by the parties, such jurisdictional matters may be raised *sua sponte* by this Court. *Miller v. Unemployment Compensation Board of Review*, 505 Pa. 8, 476 A.2d 364 (1984).

█ Section 501(e) of the Law requires that appeals from a Bureau determination be filed within 15 days of the mailing date of that determination or the determination becomes final and the Board does not have the requisite jurisdiction to consider the matter. *c.f. Clowney v. Unemployment Compensation Board of Review*, 54 Pa.Commonwealth Ct. 382, 421 A.2d 515 (1980). Perfection of such an appeal may be accomplished in either of two ways: The appeal may be personally delivered to Bureau authorities or an appeal may be sent by mail. In the case of the former, an appeal is deemed filed when actually received by the Bureau. *Moss v. Unemployment Compensation Board of Review*, 125 Pa.Commonwealth

3. Where, as here, the party with the burden of proof has prevailed below, our scope of review is limited by Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704, to determining whether the findings of fact are supported by substantial evidence, whether the Board committed an error of law and whether the Claimant's constitutional rights were violated. *Kirkwood v. Unemployment Compensation Board of Review*, 106 Pa.Commonwealth Ct. 92, 525 A.2d 841 (1987).

Ct. 466, 557 A.2d 839 (1989). The latter situation is controlled by regulation at 34 Pa.Code § 101.82(d), and an appeal will be deemed to have been filed on the date of the postmark appearing on the communication.[4]

■ In this case, the Board deemed the Employer's appeal to have been timely filed in the absence of any postmark and despite the appeal having been received well past the fifteen days in which to take an appeal. However there is no evidence of record establishing that the appeal was ever actually mailed. While the representative of Gates–McDonald testified that he placed the appeal letter in a basket for mailing on March 17, 1992, and it was the usual practice for items in the basket to be mailed every day, there is no evidence that those who were supposed to have mailed the letter ever did. Such testimony lends no basis for finding that the appeal letter was mailed within the statutory period. *Compare, Trans–Eastern Inspection, Inc. v. Unemployment Compensation Board of Review,* 54 Pa.Commonwealth Ct. 262, 420 A.2d 1354 (1980).

The provisions of 34 Pa.Code § 101.82(d) permit the Board to deem a mailed appeal to have been filed on the date of the envelope postmark. The regulation fixes the date of the postmark to be the date of filing because a postmark is the easiest and most reliable source from which one can determine the precise time of mailing. *E.B.S. v. Unemployment Compensation Board of Review,* 150 Pa.Commonwealth Ct. 10, 614 A.2d 332 (1992). Without a postmark, the Employer cannot invoke the regulation and has not offered any evidence establishing a breakdown in either the administrative or postal systems that would allow the Board to grant a *nunc pro tunc* appeal. *Phares v. Unemployment Compensation Board of Review,* 85 Pa.Commonwealth Ct. 475, 482 A.2d 1187 (1984).

4. 34 Pa.Code § 101.82(d) provides:
   The date of initiation of an appeal delivered by mail, either on the prescribed appeal form or by any form of written communication, shall be determined by the postmark appearing on the envelope in which the appeal form or written communication was mailed.

While Employer contended before the referee that the absence of a postmark on the appeal letter envelope demonstrated an error by postal authorities, no evidence was presented indicating that the appeal letter was ever even placed in the postal system, only that it was placed in a basket at Gates–McDonald to be mailed. Absent a Post Office Form 3817,[5] the Employer cannot overcome the presumption that, if the appeal was mailed, postal authorities would have regularly postmarked the letter. *Ferraro v. Unemployment Compensation Board of Review,* 76 Pa.Commonwealth Ct. 636, 464 A.2d 697 (1983).

Accordingly, because the Employer's initial appeal was not timely, and the Board had no basis upon which to accept it as such, the Board's review of the merits was without jurisdiction and its order denying benefits must be vacated.[6]

## *ORDER*

AND NOW, this 25th day of June, 1993, the order of the Unemployment Compensation Board of Review, No. B–304450, dated October 23, 1992, is hereby vacated.

---

5. Post Office form 3817 bears a certified time stamp and case docket number as evidence of mailing, and will stand as conclusive evidence of timely receipt. *Miller v. Unemployment Compensation Board of Review,* 505 Pa. 8, 476 A.2d 364 (1984).

6. Because the Board had no jurisdiction to consider the merits of the Bureau determination, it naturally follows that this Court does not either. In respecting the jurisdictional limitations mandated by the Legislature, we do not consider the substantive contentions raised in this appeal. *DiIenno v. Unemployment Compensation Board of Review, supra.*