Gary Malaney,                              :
                                           :
                Petitioner                 :
                                           :
        v.                                 :  No. 460 C.D. 2014
                                           :  Submitted: August 8, 2014
Unemployment Compensation                  :
Board of Review,                           :
                                           :
                Respondent                 :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
           HONORABLE ROBERT SIMPSON, Judge
           HONORABLE JAMES GARDNER COLINS, Senior Judge


OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE COLINS**                    **FILED:  September 2, 2014**


        Gary Malaney (Claimant), *pro se*, petitions for review of the January 31, 2014 order of the Unemployment Compensation Board of Review (Board) affirming the dismissal of his appeal of a denial of benefits as untimely pursuant to Section 501(e) of the Unemployment Compensation Law.[1]  We affirm.

        In early September 2013, Claimant, a 67-year-old pipefitter, filed a claim for unemployment benefits stating that he left his employment with Monroe Energy LLC (Employer) on August 9, 2013, and that his reason for leaving this employment was "retirement."  (Record Item (R. Item) 2, Internet Initial Claims Application at 1-3.)  Although the claims application asked Claimant to supply

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 821(e).

"any additional information that you feel may affect your eligibility for unemployment compensation," Claimant did not set forth any information concerning the reasons for or circumstances surrounding his retirement. (*Id.* at 4.)

On September 20, 2013, the Unemployment Compensation Service Center issued a Notice of Determination concluding that Claimant was ineligible for benefits under Section 402(b) of the Unemployment Compensation Law because he had voluntarily retired and had not shown a necessitous and compelling reason for leaving his employment. (R. Item 9, Referee's Decision Finding of Fact (F.F.) ¶1; R. Item 4, Notice of Determination.) This Notice of Determination was mailed to Claimant on September 20, 2013 and specifically advised him:

**APPEAL INSTRUCTIONS**

> **The last date to appeal to this determination is:** October 7, 2013.
>
> Under Section 501(e) of the Pennsylvania Unemployment Compensation Law, this determination becomes final unless an appeal is timely filed. If you disagree with this determination and wish to file an appeal, your appeal must be filed on or before the last day to appeal shown on this determination.

(R. Item 9, Referee's Decision F.F. ¶¶2, 4; R. Item 4, Notice of Determination (emphasis in original).)

Claimant received the Notice of Determination and was aware of the October 7, 2013 appeal deadline, but did not file an appeal on or before October 7, 2013. (R. Item 9, Referee's Decision F.F. ¶5; R. Item 8, Referee Hearing Transcript (H.T.) at 1-2; Petitioner's Br. at 8.) On October 8, 2013, one day after the appeal deadline, Claimant filed an appeal from the Service Center's denial of benefits, stating as the grounds for appeal that Employer had "downsized." (R.

2

Item 9, Referee's Decision F.F. ¶5; R. Item 5, Claimant's Petition for Appeal from Determination.) Because Claimant's appeal was filed late, the referee held a hearing limited to the issue of the timeliness of Claimant's appeal. (R. Item 7, Notice of Hearing; R. Item 8, H.T. at 1.) At this hearing, Claimant was given the opportunity to explain the reasons that his appeal was filed beyond the October 7, 2013 deadline, and testified as follows:

> I just didn't think we would be able to get it so I figured well why go through all this and then two days after – a few days before I actually submitted it I found out I could put it in. I could be eligible for unemployment for the reasons there and so I submitted it. I realized it was late but I figured well I may as well do it anyway and see what happens.

(R. Item 8, H.T. at 1-2.)

Following this hearing, the referee issued a decision on November 6, 2013, dismissing Claimant's appeal as untimely and making the following findings of fact:

> 1. On September 20, 2013, a determination was issued disqualifying the claimant for unemployment compensation benefits.
>
> 2. A Copy of this determination was mailed to the claimant's last known post office address on the above date.
>
> 3. The Notice of Determination was not returned by the postal authorities as being undeliverable.
>
> 4. The Notice of Determination informed the claimant that there were fifteen (15) days from the date of that determination in which to file an appeal if the claimant disagreed with the determination. The last day on which a valid appeal could be filed from that determination was October 7, 2013.

3

5. The claimant did not file an appeal on or before October 7, 2013, but waited until October 8, 2013.

6. The claimant was not misinformed nor in any way misled regarding the right of appeal or the need to appeal.

(R. Item 9, Referee's Decision.) On November 21, 2013, Claimant timely appealed the referee's decision to the Board. The Board, on January 31, 2014, affirmed the referee's dismissal of Claimant's appeal and adopted and incorporated the referee's findings of fact and conclusions. (R. Item 12, Board Order.) Claimant timely filed a petition for review appealing the Board's order to this Court.[2]

An appeal from a Service Center's determination of eligibility or ineligibility for benefits must be filed within fifteen days of the date that the Notice of Determination was mailed. 43 P.S. § 821(e); 34 Pa. Code § 101.82(a); *Russo v. Unemployment Compensation Board of Review*, 13 A.3d 1000, 1002 (Pa. Cmwlth. 2010); *Pennsylvania Turnpike Commission v. Unemployment Compensation Board of Review*, 991 A.2d 971, 974 (Pa. Cmwlth. 2009); *Vereb v. Unemployment Compensation Board of Review*, 676 A.2d 1290, 1292 (Pa. Cmwlth. 1996) (*en banc*); *Darroch v. Unemployment Compensation Board of Review*, 627 A.2d 1235, 1237 (Pa. Cmwlth. 1993). This fifteen-day time limit is mandatory and cannot be extended as a matter of grace or indulgence, even by a single day. *Russo*, 13 A.3d at 1003; *Hessou v. Unemployment Compensation Board of Review*, 942 A.2d 194,

---

[2] Our review is limited to determining whether the Board's adjudication is in violation of constitutional rights, whether an error of law was committed, whether the factual findings are supported by substantial evidence, and whether the Board capriciously disregarded competent evidence on issues as to which Claimant bore the burden of proof. 2 Pa. C.S. § 704; *Bennett v. Unemployment Compensation Board of Review*, 33 A.3d 133, 136 n.3 (Pa. Cmwlth. 2011) (*en banc*); *Pennsylvania Turnpike Commission v. Unemployment Compensation Board of Review*, 991 A.2d 971, 973 n.2 (Pa. Cmwlth. 2009).

197-98 (Pa. Cmwlth. 2008); *Vereb*, 676 A.2d at 1292-95. "An appeal filed one day after the 15–day appeal period is untimely." *Hessou*, 942 A.2d at 198. Failure to file an appeal within fifteen days is a jurisdictional defect that bars consideration of any claim of error in the Service Center's determination, unless the appellant proves that the delay in the appeal was due to extraordinary circumstances, such as a breakdown in the administrative process or circumstances beyond appellant's control which prevented timely filing of the appeal. *Russo*, 13 A.3d at 1002-03; *Pennsylvania Turnpike Commission*, 991 A.2d at 974; *Vereb*, 676 A.2d at 1292, 1294-95; *Darroch*, 627 A.2d at 1237-38.

The Board properly held that Claimant's appeal was barred as untimely. The Board found that the Notice of Determination was mailed to Claimant on September 20, 2013, that it was mailed to Claimant's correct address, and that it was not returned by the postal authorities as undeliverable. (R. Item 12, Board Order; R. Item 9, Referee's Decision F.F. ¶¶1-3.) The Board further found that the Notice of Determination clearly advised Claimant that any appeal must be filed by October 7, 2013 and that Claimant did not file his appeal until October 8, 2013, more than fifteen days after the Notice of Determination was mailed to him. (R. Item 12, Board Order; R. Item 9, Referee's Decision F.F. ¶¶4-5.) These findings are all supported by substantial evidence. (R. Item 4, Notice of Determination; R. Item 5, Claimant's Petition for Appeal from Determination (showing envelope postmark of October 8, 2013); R. Item 8, H.T. at 1-2.) Indeed, Claimant admits that he received the Notice of Determination and that he knew that he filed his appeal beyond the appeal deadline. (R. Item 8, H.T. at 1-2; Petitioner's Br. at 8.)

5

Claimant argues that his appeal should not have been dismissed because his failure to timely appeal was due to a conversation that he allegedly had with the Service Center after he received the Notice of Determination. This argument is without merit. While misleading information from unemployment compensation representatives can constitute extraordinary circumstances that permit consideration of a late appeal, *Hessou*, 942 A.2d at 198, the Board found that Claimant "was not misinformed nor in any way misled regarding the right of appeal or the need to appeal." (R. Item 12, Board Order; R. Item 9, Referee's Decision F.F. ¶6.) This finding is amply supported by the record. At the hearing before the referee, Claimant did not claim that he had any conversation with the Service Center and testified only that he subjectively did not think that his claim for benefits was likely to succeed. (R. Item 8, H.T. at 1-2.)[3] Moreover, Claimant's testimony shows that any misunderstanding he had concerning his eligibility did not prevent him from filing a timely appeal. Claimant testified at the referee's hearing that he learned the information that led him to file his one-day late appeal "a few days before I actually submitted it." (*Id.* at 1.)

Claimant also argues that other similarly situated claimants who retired from Employer have received benefits and that the Service Center should have known that he was entitled to benefits under our Supreme Court's decision in

---

[3] Claimant did not assert that his late appeal was caused by a conversation with the Service Center until after the referee hearing, making this claim for the first time in an attachment to his appeal to the Board. (R. Item 10, Claimant's Petition for Appeal from Referee's Decision.) The Board cannot consider such post-hearing factual communications as evidence in making its determination. *Han v. Unemployment Compensation Board of Review*, 42 A.3d 1155, 1157 (Pa. Cmwlth. 2012); *Croft v. Unemployment Compensation Board of Review*, 662 A.2d 24, 28 (Pa. Cmwlth. 1995) (*en banc*); *Tener v. Unemployment Compensation Board of Review*, 568 A.2d 733, 737-38 (Pa. Cmwlth. 1990).

*Diehl v. Unemployment Compensation Board of Review*, 57 A.3d 1209 (Pa. 2012) (holding that employees accepting early retirement as part of employer workforce reduction plans can be eligible for unemployment compensation under the "voluntary layoff option" proviso of Section 402(b) of the Unemployment Compensation Law). Because Claimant's appeal was untimely, neither of these contentions is relevant here. As explained above, Claimant's failure to file a timely appeal bars the Board and this Court from considering the merits of Claimant's arguments that he is entitled to benefits. *Vereb*, 676 A.2d at 1292, 1294-95; *Darroch*, 627 A.2d at 1237-38. Claimant does not contend that he has been treated differently from other claimants with respect to appeal requirements or deadlines.[4]

Because the Board correctly concluded that Claimant's appeal from the denial of benefits was barred as untimely, we affirm the Board's decision in this matter.

 

_____
JAMES GARDNER COLINS, Senior Judge

---

[4] Moreover, Claimant's contention that the Service Center had notice that *Diehl* applied to his claim is not even supported by the record. Claimant's application for benefits indicated only that he had retired, not that his retirement was part of any workforce reduction or plan by Employer. (R. Item 2, Internet Initial Claims Application at 1-4.)

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Gary Malaney, : 
                        : 
              Petitioner : 
                        : 
       v. : No. 460 C.D. 2014
                        : 
Unemployment Compensation : 
Board of Review, : 
                        : 
              Respondent : 

# **O R D E R**

AND NOW, this 2nd day of September, 2014, the order of the Unemployment Compensation Board of Review in the above matter is affirmed.

_____
JAMES GARDNER COLINS, Senior Judge