# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Tianjiu Liang,                                          :
                        Petitioner                      :
                                                        :    No.  753 C.D. 2019
          v.                                            :
                                                        :    Submitted:  October 25, 2019
Unemployment Compensation                               :
Board of Review,                                        :
                        Respondent                      :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
           HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE ELLEN CEISLER, Judge


## *OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                              FILED:  February 18, 2020


Tianjiu Liang (Claimant) petitions, *pro se*, for review of the May 24, 2019 order of the Unemployment Compensation (UC) Board of Review (Board) which affirmed the referee's dismissal of his appeal as untimely under section 501(e) of the Unemployment Compensation Law (Law).[1]  Upon review, we affirm.

Claimant was employed by the Five Star Chinese Restaurant Corporation (Employer), full time, until October 18, 2018.  (Certified Record (C.R.) at Item No. 6.) Claimant applied for benefits the same day he was terminated, alleging a lack of work as the reason for his termination.  (C.R. at Item Nos. 2, 3.)  The notice of determination

---

[1] Section 501(e) of the Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §821(e).  Section 501(e) of the Law requires a claimant to appeal an unemployment compensation notice of determination within 15 days of being mailed to him. *Id.*

mailed on March 1, 2019, stated that Claimant voluntarily quit his job because of unknown reasons, and there was insufficient information provided to determine whether he had a necessitous and compelling reason for voluntarily leaving his job. (C.R. at Item No. 6, Finding of Fact (F.F.) No. 1.) Therefore, Claimant was found to be ineligible for benefits under Section 402(b) of the Law, 43 P.S. § 802(b).[2] (F.F. No. 1.) The notice of determination clearly stated that "**[t]he last day to appeal this determination is:** March 18, 2019." (C.R. at Item No. 6, F.F. No. 4) (emphasis in original). Moreover, the determination explained that under "Section 501(e) of the [Law], this determination becomes final unless an appeal is timely filed." (C.R. at Item No. 6.) The determination was mailed to Claimant's address on file and was not returned as undeliverable. (F.F. No. 3.) Claimant filed his appeal on March 20, 2019, two days after the required deadline. (C.R. at Item No. 7, F.F. No. 5.)

A hearing was set for April 16, 2019, to determine whether Claimant filed a timely appeal from the initial determination under section 501(e) of the Law. (C.R. at Item No. 9.) The hearing notice explained that if an interpreter was needed for a language other than English, to contact the referee's office and an interpreter would be provided. *Id.* Claimant was assigned a Cantonese interpreter to assist him at the hearing. *Id.* Claimant testified at the hearing. (C.R. at Item No. 10.)

At the hearing, Claimant explained that he cannot understand English, but that his two nephews understand English and are able to help him. *Id.* He explained that if he got mail in English he would need his nephew to help him translate it. *Id.* When asked why he did not file his appeal on or before March 18, 2019, Claimant explained that he (1) did not understand English, and (2) had a problem getting into his

---

[2] It was also established that Claimant was liable for a fault overpayment under Section 804(a) of the Law, 43 P.S. §847(a), in the amount of $1,827.00. (F.F. No. 2.)

2

mailbox because he misplaced his key. *Id*; (F.F. No. 6.) After finding his key, he took the notice of determination to someone who understood English to help him translate its contents. (C.R. at Item No. 10, F.F. No. 7.) Claimant also testified that he was not terminated because of a disagreement between him, Employer, and other co-workers, but that he was let go because business was bad. *Id*.

The referee's decision/order was mailed on April 18, 2019. (C.R. at Item No. 11.) The referee made the following findings:

1. On [March 1, 2019], the Erie UC Service Center issued a Notice of Determination denying [Claimant] benefits under Section 402(b)[][, of the Law].

2. The Service Center also issued a Notice of Overpayment Determination under Section 804(a).

3. Both Determinations were mailed to [Claimant's] address on file at that time and were not returned by the Post Office as undeliverable.

4. Both Determinations informed [Claimant] that, if he disagreed with the Determinations he had the right to file an appeal, and the last day to file a timely appeal was [March 18, 2019].

5. [Claimant] filed an appeal on [March 20, 2019] via fax.

6. [Claimant] did not file an appeal prior to [March 20, 2019] because he did not understand English and had to wait until he could find someone to translate the document for him, and he also had problems getting the mail from his mailbox because he could not find the key.

7. Once [Claimant] found someone to interpret the Determinations he immediately filed the appeal.

3

(F.F. Nos. 1-7.) The referee concluded that Claimant was denied benefits under Section 402(b) of the Law and was determined to have a fault overpayment under Section 804(a) of the Law. (C.R. at Item No. 11.) The referee explained that both determinations were mailed to Claimant's address and notified Claimant that if he wanted to appeal, the last day to file was March 18, 2019. *Id*. However, the referee concluded that Claimant did not appeal the decision until March 20, 2019, because he did not understand English and could not find his mailbox key. *Id*. The referee reasoned that under Section 501(e) of the Law, Claimant had 15 days to appeal the decisions and that it is well-settled that the 15-day time limit is mandatory and is subject to strict application. *Id*. The referee explained that Claimant would have had to show fraud, a breakdown in the administrative process, or non-negligent conduct on behalf of the party or his/her representative to be entitled to relief. *Id*. Because Claimant did not show any of these, the referee concluded that the appeal was untimely. *Id*. Claimant appealed the referee's decision to the Board on April 24, 2019.

By decision mailed May 24, 2019, the Board affirmed the referee's decision. (C.R. at Item No. 13.) The Board noted that Claimant testified that he misplaced the key to his mailbox, which caused him a delay in retrieving his mail. *Id*. However, this was not sufficient to establish that the late filing was due to good cause or non-negligent conduct. *Id*. Additionally, the Board addressed Claimant's allegation that the late appeal was the fault of his employer for making an error on "an employment letter." *Id*. However, the Board determined that this was not raised before the referee and, thus, it did not consider the allegation. *Id*. Claimant subsequently appealed to this Court.

4

**Discussion**

On appeal,[3] Claimant raises one issue, whether the Board erred in dismissing his appeal as untimely under section 501(e) of the Law, considering the fact that he (1) was unable to receive his mail, (2) had a language barrier, and (3) was a single father trying to manage too many things.[4]

This Court routinely encounters the situation where a claimant fails to timely appeal to the Board. Section 501(e) of the Law provides as follows:

> Unless the claimant . . . files an appeal with the [B]oard, from the determination contained in any notice . . . within fifteen calendar days after such notice was delivered to him personally, or was mailed to his last known post office address, and applies for a hearing, such determination of the department, with respect to the particular facts set forth in such notice, shall be final and compensation shall be paid or denied in accordance therewith.

---

[3] Our scope of review is limited to determining whether constitutional rights were violated, whether the adjudication is in accordance with the law, and whether findings of fact are supported by substantial evidence. *Ellis v. Unemployment Compensation Board of Review*, 59 A.3d 1159, 1162 n.2 (Pa. Cmwlth. 2013). "[S]ubstantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Chartiers Community Mental Health and Retardation Center v. Unemployment Compensation Board of Review*, 134 A.3d 1165, 1170 (Pa. Cmwlth. 2016).

[4] Although we are sensitive and sympathetic to Claimant's situation, Claimant's allegations that he was a single father, taking care of two children, trying to find a job, and juggling too many things are not in the record. "[M]ere allegations are no substitute for record evidence, [and] this Court cannot consider the averments of fact in Claimant's brief when determining whether the Board erred in issuing its findings." *Hollingsworth v. Unemployment Compensation Board of Review*, 189 A.3d 1109, 1113 (Pa. Cmwlth. 2019) (citing *Pryor v. Workers' Compensation Appeal Board (Colin Service Systems)*, 923 A.2d 1197, 1205 (Pa. Cmwlth. 2007); *Andracki v. Workers' Compensation Appeal Board (Allied Eastern States Maintenance)*, 508 A.2d 624, 625 n.2 (Pa. Cmwlth. 1986)). Thus, we will not consider these specific allegations. Nevertheless, "[t]he pressure of life events are insufficient to excuse an untimely appeal. This court consistently rejects such excuses." *Carney v. Unemployment Compensation Board of Review*, 181 A.3d 1286, 1288 (Pa. Cmwlth. 2018).

43 P.S. §821(e). Pennsylvania courts have consistently held that the 15-day appeal period under section 501(e) is mandatory and subject to strict application. *Constantini v. Unemployment Compensation Board of Review*, 173 A.3d 838, 844 (Pa. Cmwlth. 2017); *Vereb v. Unemployment Compensation Board of Review*, 676 A.2d 1290, 1292 (Pa. Cmwlth. 1996); *Darroch v. Unemployment Compensation Board of Review*, 627 A.2d 1235, 1237 (Pa. Cmwlth. 1993). If an appeal from a local service center determination is not filed within 15 days of mailing, the determination becomes final and the Board does not have the requisite jurisdiction to consider the matter. *Vereb*, 676 A.2d at 1292; *Darroch*, 627 A.2d 1237. "Appeal periods, even at the administrative level, are jurisdictional and may not be extended as a matter of grace or indulgence," and even an "appeal filed one day after the expiration of the statutory appeal period must be dismissed as untimely." *Dumberth v. Unemployment Compensation Board of Review*, 837 A.2d 678, 681 (Pa. Cmwlth. 2003).

Nevertheless, an untimely appeal, *i.e.*, an appeal *nunc pro tunc*, may be allowed in limited circumstances. *Hessou v. Unemployment Compensation Board of Review*, 942 A.2d 194, 198 (Pa. Cmwlth. 2008). The burden to establish the right to a *nunc pro tunc* appeal is a "heavy one because the statutory time limit established for appeals is mandatory." *Id.* A petitioner may only satisfy this heavy burden by demonstrating either (1) "the administrative authority engaged in fraudulent behavior or manifestly wrongful or negligent conduct;"[5] or (2) "non-negligent conduct beyond his control caused the delay." *Id.* Thus, "[f]ailure to file an appeal within [15] days, without an adequate excuse for the late filing, mandates dismissal of the appeal." *Id.*

---

[5] A so-called "administrative breakdown" occurs where the "administrative board or body is negligent, acts improperly, or unintentionally misleads a party." *Duhigg v. Unemployment Compensation Board of Review*, 181 A.3d 1, 4 (Pa. Cmwlth. 2017).

6

Here, the delay was not caused by fraudulent, wrongful, or negligent administrative conduct. Claimant misplacing his mailbox key reflects the kind of personal negligence upon which *nunc pro tunc* relief should not be granted. This Court has consistently held that claimants are responsible for receiving their mail. In *Duhigg*, we observed that an unemployment compensation claimant bears the responsibility of notifying the Department of a change in address when it occurs. 181 A.3d at 5. *See also Richards v. Unemployment Compensation Board of Review* (Pa. Cmwlth., No. 327 C.D. 2019, filed October 18, 2019) (unreported)[6] (concluding that a claimant who did not provide the Department with his new address, file a change of address form with the United States Postal Service, or check for mail at his previous residence was not entitled to *nunc pro tunc* relief). Furthermore, in *Johnson v. Unemployment Compensation Board of Review* (Pa. Cmwlth., No. 1220 C.D. 2017, filed February 23, 2018) (unreported),[7] we concluded that a claimant who did not receive a determination because she was not living at home nor collecting her mail did not have good cause for filing a late appeal because "it was [the claimant's] responsibility to collect her mail in a timely manner." *Id*.; slip op. at 6-7.

In *Schoettle v. Unemployment Compensation Board of Review* (Pa. Cmwlth., No. 661 C.D. 2018, filed November 29, 2018) (unreported),[8] the claimant did not receive notice of the hearing because she left the state, stopped delivery of her mail, and did not continue its delivery until after the hearing. *Id*., slip op. at 5. We stated that, "[i]n other words, [c]laimant admits that she was unaware of the date and

---

[6] *Richards* is an unreported opinion. Under section 414(a) of this Court's Internal Operating Procedures, an unreported opinion may be cited for its persuasive value. 210 Pa. Code §69.414(a).

[7] *See supra* note 6.

[8] *See supra* note 6.

time of the rescheduled hearing, because, through her own actions, she was not able to receive her mail." *Id*., slip op. at 10. This Court concluded that the Board was correct in deciding that these reasons were neither good nor proper causes and noted that the claimant could have asked someone to forward or check her mail or called the Board to inquire as to the date of the hearing. *Id*. We held that the claimant's actions of stopping her mail combined with not ensuring she could receive the notice in some other way was a negligent act. *Id*. Although *Schoettle* concerned a claimant attempting to establish good cause sufficient to warrant a re-opening of a hearing, the logic of that decision is nevertheless compelling. Because Claimant, here, did not take proper measures to receive his mail on time, he is not entitled to *nunc pro tunc* relief on those grounds. Just as all of the claimants in the aforementioned cases were required to take measures to receive their mail on time, so was Claimant.

Claimant also asserts that once he found his keys, he retrieved the mail and took it to be translated because he does not understand English.[9] However, Claimant misplacing the key to his mailbox is negligence that does not justify a late appeal. As stated above, to meet the requirements for *nunc pro tunc* relief, a claimant must show that the administrative authority engaged in fraudulent, wrongful, or negligent conduct; or the delay was due to non-negligent conduct beyond his control.

---

[9] In *Ifkirne v. Unemployment Compensation Board of Review* (Pa. Cmwlth., Nos. 1411 & 1412 C.D. 2010, filed January 11, 2011) (unreported) the claimant was a native of Morocco and English was not his native language. *Id*., slip op. at 7. He asserted that he did not understand correspondence from the local service center and was unaware he had to file an appeal. *Id*. The claimant called the local service center and a translator informed him he had to appeal. *Id*. We held that although the claimant did not understand English, it was claimant's delay in filing the appeal after being advised a number of times to appeal that supported the denial of *nunc pro tunc* relief. Similarly, it is not Claimant's language barrier that caused the delay, but his inability to retrieve his mail on time. *Ifkirne* is an unreported opinion. Under section 414(a) of this Court's Internal Operating Procedures, an unreported opinion may be cited for its persuasive value. 210 Pa. Code §69.414(a).

Claimant misplacing his mailbox key and being unable to retrieve his mail does not require relief *nunc pro tunc*. There has been no allegation that the administrative authority engaged in fraudulent, wrongful, or negligent conduct, nor has Claimant alleged that the delay was due to non-negligent conduct beyond his control.

Accordingly, although we are sympathetic to Claimant's situation, we are constrained to conclude that the Board did not err in affirming and adopting the referee's decision.

_____
PATRICIA A. McCULLOUGH, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Tianjiu Liang,                 :
         Petitioner        :
                    :   No. 753 C.D. 2019
        v.              :
                    :
Unemployment Compensation   :
Board of Review,            :
         Respondent    :

## _ORDER_

AND NOW, this 18th day of February, 2020, the order of the Unemployment Compensation Board of Review mailed on May 24, 2019 is affirmed.

_____
PATRICIA A. McCULLOUGH, Judge