## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Abdalla Amin,              :
        Petitioner        :
                     :
    v.                    :
                     :
Unemployment Compensation   :
Board of Review,          :   No. 773 C.D. 2022
        Respondent    :   Submitted: March 24, 2023


BEFORE:   HONORABLE CHRISTINE FIZZANO CANNON, Judge
              HONORABLE ELLEN CEISLER, Judge
              HONORABLE LORI A. DUMAS, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON        FILED: May 9, 2023


Petitioner, Abdalla Amin (Claimant), *pro se*, seeks review of an order of the Unemployment Compensation (UC) Board of Review (Board) dated June 28, 2022. The Board affirmed a referee's decision dismissing Claimant's appeal of two initial determinations by the Pennsylvania Department of Labor and Industry, Office of UC Benefits (Department) that denied UC benefits and found Claimant received non-fault overpayments of UC benefits. The referee concluded, and the Board affirmed, that Claimant's appeal from the Department's initial determinations was untimely under Section 501(e) of the UC Law,[1] 43 P.S. § 821(e). Upon review, we affirm the Board's order.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 821(e).

On September 29, 2020, the Department mailed Claimant a notice of an initial determination denying UC benefits because Claimant failed to meet his burden to prove a valid work authorization issued by the United States Citizenship and Immigration Services. Certified Record (C.R.) at 21, 71, 80. The notice provided appeal instructions and stated Claimant had to appeal within 15 days, or by October 14, 2020. *Id.* at 36, 73, 80.[2] On June 11, 2021, the Department sent Claimant a notice of an initial determination of a non-fault overpayment. *Id.* at 36, 71. Thirty-six days later, on July 27, 2021, Claimant appealed both initial determinations. *Id.* at 32, 35, 43, 80. In his appeal document, Claimant did not address the timeliness of his appeal; he merely alleged that he was not working during the periods for which he received UC benefits. *Id.* at 41.

The Department issued a notice of a referee hearing concerning Claimant's appeal. C.R. at 53. The notice listed the issues to be addressed at the hearing, specifically including whether Claimant filed a timely appeal from the initial determinations. *Id.* The referee held a telephone hearing on February 9, 2022. *Id.* at 53. At the hearing, Claimant acknowledged that he received the notices of determination. *Id.* at 73, 80. He stated he did not remember when he sent his appeal, but that he resent it on July 27, 2021. *Id.* at 74. However, the record contains no evidence of any earlier appeal. *Id.* at 80.

On February 9, 2022, following the telephone hearing, the referee issued a decision dismissing Claimant's appeal as untimely. C.R. at 79-82. Claimant timely appealed to the Board from the referee's dismissal. *Id.* at 89-95. On June 28, 2022, the Board issued an order affirming the referee's dismissal of Claimant's appeal of the initial determinations. *Id.* at 106-08. Before the Board,

---

[2] The appeal deadline was expanded from 15 to 21 days as of July 24, 2021.

Claimant argued that the referee did not allow him to offer evidence; however, the hearing transcript shows that the referee asked Claimant twice whether he had anything else he wanted to offer, including evidence regarding timeliness, and he said he did not. *Id.* at 74, 77, 106-07. The Board found no evidence of fraud or administrative breakdown that would excuse Claimant's untimely appeal. *Id.* at 107.

Section 501(e) of the UC Law provides that a party has 21 (formerly 15) days to appeal a referee's decision to the Board. 43 P.S. § 821(e). The Department's associated regulation calculates the deadline for the appeal of a UC determination from the date the decision was delivered personally or placed into the mail. 34 Pa. Code § 101.82. If an appeal is not timely filed, the determination becomes final, and the Board does not have the requisite jurisdiction to consider the matter. *Hessou v. Unemployment Comp. Bd. of Rev.*, 942 A.2d 194, 197-98 (Pa. Cmwlth. 2008) (citing *Darroch v. Unemployment Comp. Bd. of Rev.*, 627 A.2d 1235 (Pa. Cmwlth. 1993)). An appeal filed even one day after the appeal period is untimely. *Hessou*, 942 A.2d at 198 (citing *Dumberth v. Unemployment Comp. Bd. of Rev.*, 837 A.2d 678 (Pa. Cmwlth. 2003) (*en banc*)).

The Board may consider an untimely appeal only in limited circumstances. *Hessou*, 942 A.2d at 198 (citing *Unemployment Comp. Bd. of Rev. v. Hart*, 348 A.2d 497 (Pa. Cmwlth. 1975)). A claimant seeking to establish the right to an untimely appeal bears a heavy burden, because the statutory time limit for appeals is mandatory. *Hessou*, 942 A.2d at 198 (citing *Blast Intermediate Unit No. 17 v. Unemployment Comp. Bd. of Rev.*, 645 A.2d 447 (Pa. Cmwlth. 1994)). To satisfy his burden, a claimant must show fraudulent behavior or manifestly wrongful or negligent conduct by the administrative authority or non-negligent conduct beyond the claimant's control that caused the delay. *Hessou*, 942 A.2d at 198 (citing

3

*Bass v. Commonwealth*, 401 A.2d 1133 (Pa. 1979)). "[F]ailure to file an appeal within fifteen days, without an adequate excuse for the late filing, mandates dismissal of the appeal." *Hessou*, 942 A.2d at 198 (quoting *U.S. Postal Serv. v. Unemployment Comp. Bd. of Rev.*, 620 A.2d 572, 573 (Pa. Cmwlth. 1993)) (additional quotation marks omitted).

Here, the record is bare of any evidence of a timely appeal from the Department's initial determinations. The record is likewise bare of evidence that Claimant had an adequate excuse for the late filing. As noted above, although Claimant apparently argued to the Board that the referee somehow kept him from submitting evidence regarding the timeliness of his appeal, the hearing transcript clearly reflects that the referee asked Claimant *twice* whether he wished to offer any additional evidence concerning the timeliness issue, and that Claimant responded in the negative both times. C.R. at 74, 77, 106-07. We agree with the Board that the record contains no evidence of fraud or administrative breakdown that would excuse Claimant's untimely appeal. *See id.* at 107. We further observe that there is no record evidence of non-negligent conduct beyond Claimant's control that caused the delay. Accordingly, we are constrained to affirm the Board's order.

_____
CHRISTINE FIZZANO CANNON, Judge

4

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Abdalla Amin,                          :
               Petitioner         :
                                  :
                                  :
        v.                            :
                                  :
Unemployment Compensation              :
Board of Review,                       :   No. 773 C.D. 2022
               Respondent         :

## O R D E R

AND NOW, this 9th day of May, 2023, the June 28, 2022 order of the
Unemployment Compensation Board of Review is AFFIRMED.

                                      _____
                                      CHRISTINE FIZZANO CANNON, Judge