IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kenyuan Logan, : 
            Petitioner : 
             : 
             : 
        v. : 
             : 
Unemployment Compensation : 
Board of Review, : No. 1611 C.D. 2023
            Respondent : Submitted: March 4, 2025


BEFORE:   HONORABLE ANNE E. COVEY, Judge
               HONORABLE LORI A. DUMAS, Judge
               HONORABLE MATTHEW S. WOLF, Judge


OPINION BY
JUDGE COVEY                            FILED: March 27, 2025


        Kenyuan Logan (Claimant), pro se, petitions this Court for review of the Unemployment Compensation (UC) Board of Review's (UCBR) November 3, 2023 order affirming the Referee's dismissal of his untimely appeal pursuant to Section 501(e) of the UC Law (Law).[1]  The sole issue before this Court is whether the UCBR erred by dismissing Claimant's appeal as untimely.  After review, this Court affirms.

        Goodwill of Southwestern Pennsylvania (Employer) employed Claimant until it suspended him on July 29, 2022.  On September 19, 2022, Claimant applied for UC benefits effective September 18, 2022.  When he applied, Claimant notified the Department of Labor and Industry's UC Service Center (Department) that his preferred notification was "Internal Message with Email Notification" to kenyaun.logan09@gmail.com.  Certified Record (C.R.) at 11-12.  Claimant also

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 821(e) (appeals must be filed within 21 days).

listed 1601 Brighton Road, Pittsburgh, Pennsylvania 15212, as his mailing address. *See id.* at 11.  On September 27, 2022, Claimant changed his mailing address to 208 Linwood Drive, Elizabeth City, North Carolina 27909 (NC Address).  *See* C.R. at 147.

On October 20, 2022, the Department sent a Notice of Determination (Determination) to Claimant disqualifying him from UC benefits effective October 16, 2022, because he failed to register for workforce services within 30 days of his claim filing date.  *See* C.R. at 16-25, 33.  The Department mailed the Determination to Claimant at his NC Address.  *See* C.R. at 16.  That same day, the Department also successfully emailed the Determination to Claimant at his designated email address.  *See* C.R. at 26.  The Determination specified: "**You have the right to appeal this** [**D**]**etermination**.  You have 21 days from the determination date on this letter to file an appeal.  This means your appeal **must be received or postmarked** by [**November 10**,] **2022**."  C.R. at 16 (emphasis in original).  Claimant filed an appeal from the Determination on December 10, 2022, and, on December 12, 2022, changed his mailing address to 18 North Terry Avenue, Orlando, Florida 32801 (FL Address).  *See* C.R. at 31, 157.

By December 15, 2022 correspondence to Claimant at his FL Address, the Department acknowledged receipt of Claimant's appeal and informed him that it would schedule a hearing in the near future.  *See* C.R. at 39-42.  By notice successfully emailed to Claimant on January 10, 2023, the Department scheduled a hearing for January 24, 2023, at 1:30 p.m.  *See* C.R. at 58.  That same day, Claimant requested that the Department permit him to participate in the January 24, 2023 hearing by telephone, and the Department agreed.  *See* C.R. at 45-47, 49.  The Department mailed the telephone hearing notice to Claimant's FL Address on January 11, 2023.  *See* C.R. at 49-57.  On January 24, 2023, the Referee conducted the hearing.  According to the record, "[t]he Referee did call [] [C]laimant three

2

times by dialing . . . the phone number provided by [] [C]laimant -- in his voicemail and [she] received no answer." C.R. at 65. The Referee proceeded to enter the record documents into evidence and adjourned the hearing. *See* C.R. at 65-66.

By January 24, 2023 email sent to the Department at 4:01 p.m., Claimant stated therein: "Hello - I apologize that my phone did not allow your call. I just contacted the phone carrier so hopefully this problem is now resolved!!" C.R. at 44; *see also* C.R. at 68. Claimant added: "With th[at] in mind, will you please reopen my case/appeal for review?" C.R. at 44; *see also* C.R. at 68. Claimant also inquired of the Department regarding documents he previously submitted for the hearing. C.R. at 44; *see also* C.R. at 68. On January 25, 2023, the Referee dismissed Claimant's appeal as untimely. *See* C.R. at 70-78. That same day, Claimant appealed from the Referee's decision to the UCBR. *See* C.R. at 80-82, 84-87. On March 23, 2023, Claimant changed his preferred notification method to postal mail at 2621 Centre Avenue, Apartment 320, Pittsburgh, Pennsylvania 15219 (PA Address). *See* C.R. at 160.

The UCBR issued an order on August 18, 2023, mailed to Claimant at his PA Address, *see* C.R. at 89, remanding this matter to the Department to schedule a rehearing. The UCBR's August 18, 2023 remand order specified:

> The purpose of this hearing is to receive testimony and evidence on [] [C]laimant's reason for his nonappearance at the previous hearing. The parties may also provide new or additional testimony and evidence on the merits. If the [UCBR] finds that [] [C]laimant did not have proper cause for his nonappearance at the previous hearing, the additional testimony and evidence on the merits may not be considered by the [UCBR].
>
> **[] [C]laimant is directed to provide a phone number that accepts blocked calls to the Referee's office in advance of the hearing**.

3

C.R. at 89-90 (emphasis in original). The UCBR also posed eight questions related to Claimant's nonappearance at the January 24, 2023 hearing and six questions related to the timeliness of Claimant's appeal for which the UCBR sought answers. *See* C.R. at 90.

By notice mailed on August 21, 2023, to Claimant at his PA Address, the Department scheduled an in-person rehearing for September 6, 2023. *See* C.R. at 98-109. However, on September 1, 2023, Claimant requested a continuance of the September 6, 2023 rehearing,[2] which the Department granted. *See* C.R. at 111, 113. By notice mailed on September 13, 2023, to Claimant at his PA Address, the Department rescheduled Claimant's in-person rehearing for October 2, 2023. *See* C.R. at 120-131.

When the October 2, 2023 rehearing commenced, the Referee declared:

> [] [C]laimant is not present for today's hearing. The hearing that is [sic] was sent to his address of record and not returned as undeliverable. There were several attempts to contact [] [C]laimant about participating in today's hearing. [] [C]laimant declined participation by telephone, said he would be here in person, but he has not arrived and has not contacted the Referee's Office concerning any kind of inability to appear at today's hearing. He did not request a postponement and did not advise that he would be late but here shortly. So since there is no party to object, the documents are admitted [in]to the record.

_____

[2] In his continuance request, Claimant represented:

> My appeal was filled [sic] in January. It is now September. I just received notice of this hearing 2-4 days ago and I'm supposed to drop everything to show up for some meeting when we all know The [sic] office is really not trying to help my case or in my opinion abide by the law at all. Next Wednesday does not work me [sic], can we reschedule please? Honestly I [sic] rather you just render a decision and we go before the court. Unlike some I'm JUST BEING HONEST.

C.R. at 111.

4

. . . . [T]here is no party to offer any additional testimony or evidence [in]to the record, [] so the record is now closed.

C.R. at 134-135. On November 3, 2023, the UCBR issued a decision, mailed to Claimant's PA Address, dismissing Claimant's appeal as untimely filed. *See* C.R. at 137-145. On November 24, 2023, Claimant appealed to this Court.[3]

Initially, Section 501(e) of the Law requires that a claimant appeal from a Department determination within "[21] calendar days after the 'Determination Date' provided on such notice[.]" 43 P.S. § 821(e). This Court has explained:

> A determination becomes final and the [UCBR] does not have jurisdiction to consider an appeal once the deadline lapses. *Darroch v. Unemployment Comp. Bd. of Rev.*, . . . 627 A.2d 1235, 1237 ([Pa. Cmwlth.] 1993). Failure to appeal before the mandatory deadline creates a jurisdictional defect this Court cannot overlook even "as a matter of grace or indulgence." *Carney v. Unemployment Comp. Bd. of Rev.*, 181 A.3d 1286, 1288 (Pa. Cmwlth. 2018).
>
> When a determination is mailed to a claimant's last known address and is not returned as undeliverable, "there is a presumption of the regularity of administrative acts of public officials which the referee may invoke in reaching a determination that the claimant did have proper notice." *Gaskins v. Unemployment Comp. Bd. of Rev.*, . . . 429 A.2d 138, 140 ([Pa. Cmwlth.] 1981). Merely denying receipt of a determination is not sufficient to defeat the presumption. *J.A. v. Dep't of Pub. Welfare*, 873 A.2d 782, 786 (Pa. Cmwlth. 2005).

*Grimwood v. Unemployment Comp. Bd. of Rev.*, 322 A.3d 976, 980 (Pa. Cmwlth. 2024); *see also Carney v. Unemployment Comp. Bd. of Rev.*, 181 A.3d 1286, 1288

---

[3] This Court's "review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether the necessary factual findings are supported by substantial evidence. [*See*] Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704." *Grimwood v. Unemployment Comp. Bd. of Rev.*, 322 A.3d 976, 980 n.8 (Pa. Cmwlth. 2024).

(Pa. Cmwlth. 2018) ("Failure to file a timely appeal as required by Section 501(e) of the [] Law is a jurisdictional defect."); *Russo v. Unemployment Comp. Bd. of Rev.*, 13 A.3d 1000, 1003 (Pa. Cmwlth. 2010) ("A statutory appeal period is mandatory and may not be extended as a matter of grace or mere indulgence.").

However, "[a]n untimely appeal may be permitted in limited circumstances." *Walthour v. Unemployment Comp. Bd. of Rev.*, 276 A.3d 837, 842 (Pa. Cmwlth. 2022). This Court has explained that

> [a]n appeal *nunc pro tunc* is only warranted . . . in extraordinary circumstances "involving fraud or some breakdown in the court's operation," or where the delay is caused by non-negligent circumstances either by the claimant or a third party. *Cook v. Unemployment Comp. Bd. of Rev.*, . . . 671 A.2d 1130, 1131 ([Pa.] 1996) (internal quotations omitted) (quoting *Bass v. C[ommonwealth]*, . . . 401 A.2d 1133, 1135 ([Pa.] 1979)). The Pennsylvania Supreme Court characterized administrative breakdown as occurring when "an administrative body acts negligently, improperly[,] or in a misleading way." *Union Elec. Corp. v. Bd. of Prop. Assessment, Appeals & Rev.*, . . . 746 A.2d 581, 584 ([Pa.] 2000). Where non-negligent circumstances cause the untimeliness of an appeal, the appeal must be filed within a short period of time after learning of the untimeliness. *Cook*, 671 A.2d at 1131. It is well[ ]settled that the burden of demonstrating the necessity of *nunc pro tunc* relief is on the party seeking to file the appeal, and the burden is a heavy one. *Blast Intermediate Unit No. 17 v. Unemployment Comp. Bd. of Rev.*, . . . 645 A.2d 447, 449 ([Pa. Cmwlth.] 1994).

*Harris v. Unemployment Comp. Bd. of Rev.*, 247 A.3d 1223, 1229-30 (Pa. Cmwlth. 2021).

In the instant matter, Claimant filed his appeal from the Determination 30 days late. The Department afforded Claimant the opportunity to offer evidence at the January 24, 2023 Referee hearing. At Claimant's request, the Department allowed Claimant to participate in that hearing by telephone; however, when the

6

Referee attempted to reach Claimant at the telephone number he provided, no one answered. In response to Claimant's appeal and rehearing request, the UCBR scheduled a remand hearing specifically for Claimant to present evidence regarding his late appeal and the circumstances surrounding his failure to participate in the January 24, 2023 hearing. The Department also continued the September 6, 2023 remand hearing to October 2, 2023, at Claimant's request, but Claimant still did not attend.

Claimant presents numerous arguments in his brief and appended documentation regarding his life circumstances, why the Referee could not reach him for the January 24, 2023 hearing, and why he failed to attend the October 2, 2023 remand hearing.[4] However,

> [p]ursuant to administrative regulation, the [UCBR] may not consider evidence that was not presented to the [R]eferee in rendering [her] decision. *See* [Section 101.106 of the UCBR's Regulations,] 34 Pa. Code § 101.106; *Lock Haven Univ*[.] *of the P*[*a.*] *State Sys*[.] *of Higher Educ*[.] *v. Unemployment Comp*[.] *B*[*d.*] *of Rev*[.], . . . 559 A.2d 1015, 1018 ([Pa. Cmwlth.] 1989).
>
> Similarly, because mere allegations are no substitute for record evidence, this Court cannot consider the averments of fact in Claimant's brief when determining whether the [UCBR] erred in issuing its findings. *See Pryor v. Workers' Comp*[.] *Appeal B*[*d.*] *(Colin Serv*[.] *Sys*[.]*)*, 923 A.2d 1197, 1205 (Pa. Cmwlth. 2007); *Andracki v. Workmen's Comp*[.] *Appeal B*[*d.*] *(Allied E*[.] *States Maint*[.]*)*, . . . 508 A.2d 624, 625 n.2 ([Pa. Cmwlth.] 1986). Therefore, [this Court] will conduct [its] review without regard to Claimant's [] statements.

*Hollingsworth v. Unemployment Comp. Bd. of Rev.*, 189 A.3d 1109, 1112-13 (Pa. Cmwlth. 2018).

---

[4] Notably, in his November 24, 2023 pro se letter initiating the appeal in this Court, Claimant declared that he "choose [sic] NOT TO attend the hearing that was scheduled this past October." Pro Se Letter at 2.

Ultimately, in UC matters, the UCBR is the fact-finder. *See HPM Consulting v. Unemployment Comp. Bd. of Rev.*, 185 A.3d 1190 (Pa. Cmwlth. 2018). Here, based on the evidence before it, the UCBR found that the Department transmitted the Determination to Claimant and it was not returned as undeliverable; the Determination informed Claimant that November 10, 2022, was the last day to appeal; Claimant filed his appeal on December 10, 2022; and there was no evidence that UC authorities misinformed or misled him regarding the need to timely appeal. *See* UCBR Dec. at 1-2 (C.R. at 137-138). Accordingly, the UCBR concluded:

> In this case, the final date to appeal the Department's [D]etermination was November 10, 2022. [] [C]laimant filed the appeal December 10, 2022, which was after the expiration of the statutory appeal period. [] [C]laimant was duly notified of hearings and failed to appear to present credible evidence or testimony that his appeal was, or should be accepted as if, timely filed.
>
> The provisions of this section of the Law are mandatory; the [UCBR] and its referees have no jurisdiction to allow an appeal filed after the expiration of the statutory appeal period absent limited exceptions not relevant herein. The filing of the late appeal was not caused by fraud or its equivalent by the administrative authorities, a breakdown in the appellate system, or by non-negligent conduct. Therefore, the Referee properly dismissed [] [C]laimant's petition for appeal.

C.R. at 138. This Court finds no error in the UCBR's conclusion.

Because Claimant filed his appeal from the Determination 30 days after the appeal deadline, and Claimant failed to appear and present evidence that his late appeal was caused by fraud, a breakdown in the administrative process, or by non-negligent conduct, the UCBR did not have jurisdiction to consider the merits of the matters. Accordingly, the UCBR properly dismissed Claimant's appeal as untimely.

For all the above reasons, the UCBR's order is affirmed.

_____
ANNE E. COVEY, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kenyuan Logan,
          Petitioner

        v.

Unemployment Compensation
Board of Review,
          Respondent

:
:
:
:
:
:
:
:
:    No. 1611 C.D. 2023
:

## O R D E R

AND NOW, this 27th day of March, 2025, the Unemployment Compensation Board of Review's November 3, 2023 order is affirmed.

_____
ANNE E. COVEY, Judge